IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 1 4 2016
JAMES W. McCORMACK, CLERK
By:_____
          DEP CLERK

DAVIS NEUROLOGY, P.A.,
on behalf of itself and all other
entities and persons similarly situated

PLAINTIFF

V.          CASE NO. 4:16cv371-BSM

DENTAL EQUITIES, LLC d/b/a
PEER UNITED;
FIRST ARKANSAS BANK & TRUST;
and JOHN DOES 1-10

This case assigned to District Judge Miller
and to Magistrate Judge Deere

DEFENDANTS

## NOTICE OF REMOVAL
## OF DEFENDANT FIRST ARKANSAS BANK & TRUST

Defendant First Arkansas Bank & Trust ("First Arkansas" or "Defendant") by its counsel

hereby gives notice of removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and

1453, from the Circuit Court of Pope County, Arkansas to the United States District Court for the

Eastern District of Arkansas. In support of this removal, First Arkansas states as follows:

### FACTUAL BACKGROUND

1.      On or about January 15, 2016, Plaintiff Davis Neurology, P.A. ("Plaintiff")

commenced a putative state court class action against Dental Equities, LLC, Kianor

Shahmohammadi and John Does 1-10, styled *Davis Neurology, P.A. v. Dental Equities, LLC,*

*Kianor Shahmohammadi a/k/a Kianor Shah and John Does 1-10,* Case No. 58CV-16-33 (the

"State Court Action"). First Arkansas was not named as a defendant in the original State Court

Action.

2.      On or about February 17, 2016 Plaintiff voluntarily dismissed all claims against

Kianor Shahmohammadi, a/k/a Kianor Shah, without prejudice.

1315466-v1

3.     On May 12, 2016, Plaintiff filed a First Amended Class Action Complaint ("FAC") in the State Court Action naming First Arkansas as a defendant.

4.     On May 13, 2016, Plaintiff filed a Second Amended Class Action Complaint ("SAC") in the State Court Action.

5.     On May 18, 2016, First Arkansas was simultaneously served with copies of the FAC and SAC.

6.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being made within 30 days of service.

7.     The State Court Action purports to assert violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 and 47 C.F. R. § 64.1200, and conversion under Arkansas common law.  The asserted claims arise out of First Arkansas's alleged act of transmitting fax advertisements that were allegedly unsolicited and/or did not contain an Opt-Out Notice consistent with the requirements of 47 C.F.R. 64.1200(a)(4)(iii)-(iv).  SAC ¶¶ 13, 18-22.

8.     Plaintiff seeks certification of a class of:  "All persons natural or otherwise, in the United States and its territories who received one or more of the facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantial similar to that contained in Exhibit A as a result of fax transmission order documented in Exhibit B."  *Id.* ¶ 31.

9.     Plaintiff seeks recovery on behalf of itself and the respective class for statutory and treble damages of up to "$1,500 for each and every fax transmission in violation of the" TCPA.  *Id.* ¶ Prayer for Relief (c).

10.     Plaintiff alleges that the proposed class consists of "almost 1,000,000" members. *Id.* ¶ 27.

36185436.11315466-v1

## GROUNDS FOR REMOVAL

11.     This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1453.  CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims and exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).  As described below, each of these requirements is met here.

### A.     Minimal Diversity Exists

12.     In accordance with 28 U.S.C. § 1332(d)(2)(A), there is minimal diversity in this action.  Plaintiff Davis Neurology P.A. is a citizen of the state of Arkansas.  Furthermore, the SAC alleges that Plaintiff Davis Neurology P.A. is located and offers services in the state of Arkansas.  SAC ¶ 1.  Defendant Dental Equities, LLC is a Nevada corporation and is domiciled in California and is therefore a citizen of Nevada or California for diversity purposes.  *Id.* ¶ 2.  Accordingly, there is diversity of citizenship under CAFA.

### B.     Proposed Class Consists of More than 100 Members

13.     Plaintiff purports to brings this action on behalf of a putative class of almost 1,000,000 members.  *Id.* ¶ 27.

### C.     Amount in Controversy Exceeds $5,000,000

14.     In the removal context, the assessment of whether the amount in controversy requirement is satisfied does not center on what damages the plaintiff will ultimately recover, if any, but on what amount is in controversy between the parties.  *Hartis v. Chicago Title Ins. Co.,*

694 F.3d 935, 945 (8th Cir. 2012); *Stafford v. Whole Foods Market California, Inc.*, 4:14-CV-00420, 2014 WL 4755988 at *2 (E.D. Ark. Sept. 24, 2014).

15.     Plaintiff alleges that Defendant transmitted faxes, substantially similar to the fax received by Plaintiff, in violation of the TCPA to approximately 1,000,000 putative class members. SAC ¶ 27.

16.     The TCPA provides for $500 in statutory damages for each fax transmission sent in violation of the act.  47 U.S.C. § 227(b)(3)(B).  If a defendant's violation of the TCPA is found to be knowing or willful, as Plaintiff alleges in this case, damages can be trebled to an amount equal to $1,500 for each fax transmission.  47 U.S.C. § 227(b)(3)(C).

17.     Accordingly, while First Arkansas does not concede that Plaintiff or members of the proposed class are entitled to the damages Plaintiff seeks, the matter in controversy far exceeds $5,000,000.

## COMPLIANCE WITH REMOVAL STATUTE

18.     The Notice of Removal was properly filed in the United States District Court for the Eastern District of Arkansas because the Circuit Court of Pope County is located within the Eastern District of Arkansas.  Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

19.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(a).

20.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

21.     Pursuant to 28 U.S.C. § 1446(a), annexed hereto are copies of all process documents, pleadings and orders filed with the court by Plaintiff with respect to this action.

36185436.11315466-v1

22.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), annexed hereto is a copy of a consent to removal signed on behalf of the other defendant named in this action, Dental Equities, LLC, d/b/a Peer United. *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2016).

23.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to  Clerk of Removal, will be promptly filed with the Clerk of the Circuit Court of Pope County, State of Arkansas.

## CONCLUSION

For the foregoing reasons, Defendant First Arkansas Bank & Trust respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Pope County, State of Arkansas.  Defendant further requests all such other and further relief as this Court deems just and proper.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
pwilson@wlj.com; gmarts@wlj.com;
jmoss@wlj.com


By: _____
    Patrick D. Wilson (99073)
    Gary D. Marts, Jr. (2004116)
    Jaimie G. Moss (2012228)

*Attorneys for First Arkansas Bank & Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of

Removal was served by first class mail, postage prepaid, upon the attorneys listed below, on this

14th day of June 2016:

Alex G. Streett                          Joe P. Leniski Jr.
James A.  Streett                        Branstetter, Stranch & Jennings, PLLC
STREET LAW FIRM, P.A.                    227 2nd Ave. North, 4th Floor,
107 West Main,                           Nashville, TN 37201
Russellville, AR 72801

**Attorneys for Plaintiff**              **Attorneys for Plaintiff**


Gary D. Marts, Jr.

36185436.11315466-v1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
                                  )        Civil Action No.
                                  )
                  Plaintiffs, )        **Jury Trial Demanded**
        v. )
                                  )
DENTAL EQUITIES, LLC d/b/a )
PEER UNITED, )
FIRST ARKANSAS BANK & TRUST and )
JOHN DOES 1-10, intending to refer to these )
Persons, corporations or other legal entities )
That acted as agents, consultants, and independent )
Contractors or representatives, )
                                  )
              Defendants. )

## NOTICE OF CONSENT TO REMOVAL

      Defendant Dental Equities, LLC, d/b/a Peer United, by and through its counsel, hereby

consents to the removal of this civil action from the Circuit Court of Pope County, Arkansas

where it is now pending as Case No. 58CV-16-33, to the United States District Court for the

Eastern District of Arkansas.

Dated: __6 - 14__, 2016

                                             **Attorneys for Defendant**
                                           **Dental Equities LLC**

**EXHIBIT**

1

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A.  on )
behalf of itself and all other entities and )
persons similarly situated, )
)
        Plaintiffs, )    CASE NO. 58CV-16-33
)    CLASS ACTION
)    JURY DEMAND
vs. )
)
DENTAL EQUITIES, LLC; )
KIANOR SHAHMOHAMMADI A/K/A )
KIANOR SHAH; and JOHN DOES 1-10, )
intending to refer to those persons, corporations or )
other legal entities that acted as agents, )
consultants, and independent contractors or )
representatives, )
)
        Defendants. )

## CLASS ACTION COMPLAINT

    COMES Now David Neurology, P.A. on behalf of itself and all other persons or entities

similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the

Defendants, Dental Equities, LLC, Kianor Shahmohammadi a/ka/ Kianor Shah, and John Does

1-10 and would respectfully show the following:

## PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff Davis Neurology, P.A. is business offering services in Arkansas.  The

business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis

Neurology, P.A. will be referred to as "Representative Plaintiff."

    2.    Defendant Dental Equities, LLC (hereinafter, "Dental Equities") is, upon

information and belief, a Nevada Corporation, having an address of PO Box 51390, Irvine, CA

92619-1390. The registered agent is listed as REGISTERED AGENT SOLUTIONS, INC, with

an address of 4625 West Nevso Dr. Suite 2, Las Vegas, NV, 89103. Both Dental Equities and

1



Defendant Kianor Shahmohammadi a/ka/ Kianor Shah (hereinafter, "Kianor Shah") do business individually but also under a host of d/b/a's and/or fictitious names including but not limited to: Peer United, Peers Brands, Peers Nexus, Peers Journal, Peer Equities LLC, Doctors Club, Peers Club, Lawyers Club, Students Club, Accountants Club, Seniors Club, Teachers Club, Patient Advance, Patient News, Connect The Doc, Apex, Tribune Group, The Progressive Dentist, Doctor Advance, The Dental Trader, DoWell, Extraction Academy, ADCPA, NAMP, Oral Disability Rescue, Dentist's Advantage, and WCNC Consulting.

3.     Defendant Kianor Shah purports to do business through Dental Equities (and its host of fictitious names) with an address of 20701 Spectrum, Irvine, CA 92618.

4.     Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Dental Equities and/or who assisted Dental Equities in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

5.     The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

6.     This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq.  This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

7.     Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

2

## **FACTUAL ALLEGATIONS**

8.      The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added

Section 227 to Title 47 of the United States Code.  47 U.S.C. § 227 was last amended in 1994.

In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the

United States . . . to use any telephone facsimile machine, computer, or other device to send an

unsolicited advertisement to a telephone facsimile machine[.]"

9.      In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C.

§ 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a

telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a

telephone facsimile machine."

10.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited

advertisement' means any material advertising the commercial availability or quality of any

property, goods, or services which is transmitted to any person without that person's prior

express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a
State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to
receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this
subsection or the regulations prescribed under this subsection, the court may, in

its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11. Representative Plaintiff has, and at all relevant times had, telephone service at 479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix Avenue, Russellville, AR 72801 in Pope County, Arkansas. Representative Plaintiff receives facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax machine").

12. Dental Equities offers services where dental professionals can unite administratively, academically, and financially for the benefit of patients and the dental professional.

13. On or about December 18, 2015, Representative Plaintiff received on its fax machine a fax transmission from Dental Equities advertising a Doctors Club Program that claims it "is about empowering the healthcare community without borders in a 3 pronged approach: Administration, Academics, and Finance." The fax goes on to state that "One of the benefits of Doctors Club is its member identification credit card exclusively created for Healthcare Providers..."

14. Kianor Shahmohammadi (Shah) is the CEO/Chairman of Dental Equities.[1]

15. Kianor Shah's Twitter page has several references to Peer United, and he has a post from December 16, 2015 that is identical to the fax transmission received by Representative Plaintiff.[2]

16. Kianor Shah's Google Plus page has a post from December 16, 2015 that is identical to the fax transmission received by Representative Plaintiff.[3]

---

[1] https://www.linkedin.com/in/kianorshah

[2] https://twitter.com/kianor1

17.    The Peer United Twitter page also has a post on December 16, 2015 that is identical to the fax transmission received by Representative Plaintiff.[4]

18.    A press release was issued on October 1, 2014 listing Doctors Club as a sister brand of Dental Equities and stating that Dr. Kianor Shah is the founding member and chairman of Dental Equities.[5]   The press release lists an address of PO Box 51390, Irvine, CA 92619-1390 and a phone number of (949) 732-0033.

19.    Another press release was issued on September 9, 2015 by Reuters announcing the "MasterCard World Elite Program for Healthcare Professionals.[6]"   This press release has a picture of the same credit card on the fax received by Representative Plaintiff, and it quotes from Dr. Kianor Shah.  The press release states that Peer United is part of Peer Equities, LLC, and also lists a phone number of (949) 732-0033.

20.    The fax received by Representative Plaintiff from Dental Equities on or about December 8, 2015 was wholly unsolicited.  A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

21.    Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

22.    Exhibit A does not contain any Opt-Out Notice.

23.    Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

---

[3] https://plus.google.com/+KianorShah/posts/jamcUZ5eMSr

[4] https://twitter.com/peerunited?lang=en

[5] http://peersnexus.com/healthcares-first-decentralized-peer-peer-platform/

[6] http://www.reuters.com/article/peer-united-idUSnPn7BQJW0+9e+PRN20150909

24.     Exhibit A does not contain an area at the bottom of the Fax that gives the options required by law, that a recipient might use without cost to the recipient, to request that they be removed from the faxing list utilized by Dental Equities.

25.     Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

26.     Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

27.     Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

28.     Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

29.     Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

30.     Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

31.     Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

32.     Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons or entities, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content which contains one or more of the deficiencies identified in paragraphs 21-24 herein during the period from January 15, 2012 through the present.

Excluded from the Class are: (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

33.     Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA.  Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Fed. R. Civ. P. 23(a)(1).  The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

34.     Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile

advertisement from Dental Equities advertising goods and services for a commercial purpose during the proposed Class Period.

35.    The factual and legal bases of Dental Equities' misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

36.    Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3).  Such common questions including, but are not limited to:

i.    Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

ii.    Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

iii.    Whether Defendants harmed Representative Plaintiff and the Class;

iv.    Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

v.    Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.    Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

37.    Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

38.    The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

39.     Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4).  Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so.  Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
## VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

40.     Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 39 above as if fully set forth herein.

41.     The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

42.     As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
## TREBLE DAMAGES

43.     Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

44.     Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

9

45.    As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

46.    The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
### DEFENDANT KIANOR SHAH IS INDIVIDUALLY LIABLE FOR DAMAGES BOTH DIRECTLY AND UNDER A VEIL-PIERCING THEROY

47.    Representative Plaintiff realleges and incorporates Paragraphs 1 through 46 above as if fully set forth herein.

48.    Representative Plaintiff alleges that Kianor Shah is personally liable under a veil-piercing theory because he has demonstrated an abuse of the corporate form to commit the violations and wrongs alleged in this complaint.

49.    Mr. Shah exercised complete domination of Dental Equities both individual and under its host of fictitious names in respect to the alleged facts, and such domination was used to commit the violations against the Class, resulting in the injuries alleged in this complaint.

50.    Kianor Shah is personally liable for violations and wrongs set forth in this Complaint because the alleged facts show Dental Equities is merely Kianor Shah's alter ego, the individual and the company being indistinguishable from another in management, business, operation, and ownership.

51.    Dental Equities has a mailing address that is a PO Box and has no physical address.

52.     As mentioned above, Kianor Shah is the Founding Member and CEO/Chairman of Dental Equities, and his Twitter and Google Plus pages have several references to Peer United and both have posts of the actual fax transmission received by Representative Plaintiff.

53.     Kianor Shah is listed as the Admin, Chairman, and Owner on the Dental Equities LinkedIn Page, and therefore he is directly liable as the individual most responsible for directing that the fax transmission be sent to Representative Plaintiff and the Class.[7]

54.     For these reasons, Kianor Shah, as an individual, is personally liable as a Defendant in this action and held jointly and severally liable with the other Defendants for the misconduct alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a.      That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2, as provided by Ark. R. Civ. P. 23, and appointing Plaintiff and his counsel as representative plaintiff and class counsel, respectively.

b.      Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c.      Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

---

[7] https://www.linkedin.com/groups/6591256/profile

d.   Trial by jury as to all issues so triable; and

e.   That the Representative Plaintiff and the members of the proposed Class be granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiff

12



# Doctors**Club**®

As your colleagues, we want to wish you a *Happy Holiday*
and to inform you that the Doctors Club is finally here!



Doctors Club is about empowering the healthcare community without borders in a 3 pronged
approach: Administration, Academics, and Finance. One of the benefits of Doctors Club
is its member identification credit card exclusively created for Healthcare Providers.
The prestigious credit card is attached to a unique world of unprecedented discounts
and benefits catering to our personal and business needs.

Be the first to *Pre-Order* the Exclusive Doctors Club World Elite MasterCard!

**Your New Card Includes:**

» Access discounts and perks for your business and
personal use with over 5,000 vendors and hundreds of
thousands of offers

» Travel and vacation deals to more than 200 countries with
over 100,000 hotel choices

» Local, Regional, National and Universal Privileges

**Also, Enjoy the Additional MasterCard Benefits:**

» Robust Reward Program
with options for Cashback
and Points redeemable for
merchandise, gift cards,
and travel*
» World Elite Concierge
Services**
» Emergency Card
Replacement

» MasterCard Identity Theft
Resolution
» Master Rental Coverage
» Chauffeured Car Service**
» Lost and Delayed
Baggage Insurance
» Purchase Protections
» Extended Warrantee
» Luxury Travel Program**

*Redemption of points for travel are subject to a ticketing fee of $31/
online or $36/phone
**Additional terms and conditions apply. Services provide are subject
to third party fees

## The Only Credit Card that was Designed BY DOCTORS FOR DOCTORS.

### It Pays to Unite!

For more information and complete terms and conditions
or to APPLY, visit **TheDrClub.com** today!



EXHIBIT
A

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
                   )
         Plaintiffs, )    CASE NO. 58CV-16-_33_
                   )    CLASS ACTION
                   )    JURY DEMAND
vs. )
                   )
DENTAL EQUITIES, LLC; )
KIANOR SHAHMOHAMMADI A/K/A )
KIANOR SHAH; and JOHN DOES 1-10, )
intending to refer to those persons, corporations or )
other legal entities that acted as agents, )
consultants, and independent contractors or )
representatives, )
         Defendants. )

MOTION FOR ADMISSION *PRO HAC VICE*

         Plaintiff, Davis Neurology, PLLC, moves the Court to permit the following attorney to

appear *pro hac vice* in the above-referenced case:

Joe P. Leniski
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue N., 4th Floor
Nashville, TN 37201
jleniski@branstetterlaw.com

Mr. Leniski is a member in good standing of the following courts:

TN Supreme Court                                      11/04/2003
401 Seventh Avenue North
Nashville, TN 37219

US District Court - Middle District of TN           07/09/2004
801 Broadway
Nashville, TN 37203

1

US District Court - Eastern District of TN          07/18/2005
800 Market Street, Suite 130
Knoxville, TN 37902

US District Court - Western District of TN          02/28/2008
167 North Main Street
Memphis, TN 38301

US Court of Appeals - 6th Circuit                   04/25/2005
100 East Fifth Street
540 Potter Stewart U.S. Courthouse
Cincinnati, OH 45202

US Court of Appeals B 8th Circuit                   03/15/2011
111 South 10th Street
Room 24,329
Thomas F. Eaglet on Courthouse
St. Louis, MO 63102

Mr. Leniski has associated with undersigned counsel, who is a resident of Arkansas and admitted to practice before this Court. He also has read and understands the Rule with regard to being subject to the Uniform Federal Rules of Disciplinary Enforcement.

WHEREFORE, Plaintiff, Davis Neurology PLLC, requests the Court to admit the aforementioned attorney to participate in this action on his behalf, *pro hac vice*.

Dated: January 15th, 2016

Respectfully submitted,

STREETT LAW FIRM, P.A.
James A. Streett, ABA #2007092
Alex G. Streett, ABA #65038
107 West Main
Russellville, AR 72801
Telephone:    479-968-2030
Facsimile:    479-968-6253
Email:        James@StreettLaw.com
              Alex@StreettLaw.com

AND

BRANSTETTER, STRANCH,
& JENNINGS, PLLC
Joe P. Leniski, Jr., Tenn Bar #22891
Gerard Stranch, Tenn Bar#
227 Second Avenue North
Nashville, TN 37201-1631
Telephone:    615-254-8801
Facsimile:    615-255-5419
Email:        Jleniski@branstetterlaw.com

*Attorneys for the Plaintiff*

3

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
                                  )
           Plaintiffs, )      CASE NO. 58CV-16-33
                                  )      CLASS ACTION
vs. )      JURY DEMAND
                                  )
DENTAL EQUITIES, LLC; )
KIANOR SHAHMOHAMMADI A/K/A )
KIANOR SHAH; and JOHN DOES 1-10, )
intending to refer to those persons, corporations or )
other legal entities that acted as agents, )
consultants, and independent contractors or )
representatives, )
                                  )
           Defendants. )

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

DENTAL EQUITIES, LLC

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

                          STREETT LAW FIRM, P.A.
                          107 West Main Street
                          Russellville, AR 72801

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office
100 West Main Street
Russellville, AR 72801



[Signature of Clerk or Deputy Clerk]
Date: 1-15-16

**No. 58cv-2016-_____   This summons is for**   *DENTAL EQUITIES, LLC*

## PROOF OF SERVICE

☐ I personally delivered the _____ to the individual at _____ _____[place] on _____ [date]; or

☐ I left the _____ in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the _____ at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the _____ to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the _____ on the _____ by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the _____ by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____
_____
_____
_____
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____
_____
_____
_____

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A.   on<br>behalf of itself and all other entities and<br>persons similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>DENTAL EQUITIES, LLC;<br>KIANOR SHAHMOHAMMADI A/K/A<br>KIANOR SHAH; and JOHN DOES 1-10,<br>intending to refer to those persons, corporations or<br>other legal entities that acted as agents,<br>consultants, and independent contractors or<br>representatives,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 58CV-15- 33
           16
CLASS ACTION
JURY DEMAND

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

KIANOR SHAHMOHAMMADI a/k/a KIANOR SHAH

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

        STREETT LAW FIRM, P.A.
        107 West Main Street
        Russellville, AR 72801.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office
100 West Main Street
Russellville, AR 72801

U. Vadever   DC
[Signature of Clerk or Deputy Clerk]
Date: 1-15-16

No. 58cv-2016-___This summons is forKIANOR SHAHMOHAMMADI a/k/a KIANOR SHAH
**PROOF OF SERVICE**

☐ I personally delivered the _____ to the
individual at _____ _____[place] on _____ [date]; or

☐ I left the _____ in the
proximity of the individual by _____ _____ after he/she refused to receive it
when I offered it to him/her; or

☐ I left the _____ at the
individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at
least 14 years of age who resides there, on _____[date]; or

☐ I delivered the _____ to
_____[name of individual], an agent authorized by appointment or by law to
receive service of summons on behalf of _____[name] on
_____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
_____ on the _____
by certified mail, return receipt requested, restricted delivery, as shown by the attached
signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the _____ by first-class mail to the
defendant together with two copies of a notice and acknowledgment and received the
attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____
_____
_____
_____
_____
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____              SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____
_____
_____
_____

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on<br>behalf of itself and all other entities and<br>persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>DENTAL EQUITIES, LLC;<br>KIANOR SHAHMOHAMMADI A/K/A<br>KIANOR SHAH; and JOHN DOES 1-10,<br>intending to refer to those persons, corporations or<br>other legal entities that acted as agents,<br>consultants, and independent contractors or<br>representatives,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 58CV-15- 33

CLASS ACTION

JURY DEMAND

FILED
POPE CO. CIRCUIT CLERK
2016 JAN 19 PM 2: 46

## ORDER APPROVING MOTION FOR ADMISSION PRO HAC VICE

Comes now before this Court, the Plaintiff's Motion for Admission Pro Hac Vice and

Order and the Court finds and orders as follows:

Plaintiff's Motion for Admission Pro Hac Vice of attorney Joe P. Leniski, is granted.

**IT IS SO ORDERED.**

CIRCUIT COURT JUDGE
Dated: 01/19/16

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | | |
|---|---|---|
| DAVIS NEUROLOGY, P.A. on<br>behalf of itself and all other entities and<br>persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 58CV-16-33 |
| | ) | CLASS ACTION |
| | ) | JURY DEMAND |
| vs. | ) | |
| | ) | |
| DENTAL EQUITIES, LLC; | ) | |
| KIANOR SHAHMOHAMMADI A/K/A | ) | |
| KIANOR SHAH; and JOHN DOES 1-10, | ) | |
| intending to refer to those persons, corporations or | ) | |
| other legal entities that acted as agents, | ) | |
| consultants, and independent contractors or | ) | |
| representatives, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF SERVICE

I, the undersigned, being duly sworn, state that I did mail a copy of the Summons, Complaint, Motion for *Pro Hac Vice*, Plaintiff's First Set of Interrogatories, and Plaintiff's First Set of Requests for Production to Dental Equities, LLC, c/o it's registered agent, Registered Agent Solutions, Inc., in the above-styled case, by certified mail, with return receipt requested, to 4625 West Nevso Drive, Suite 2, Las Vegas, NV 89103. That on the 25th day of January, 2016, I received a return receipt card and delivery signature confirmation dated January 21, 2016. A copy of the return receipt is hereto attached, marked Exhibit "A", and made a part hereof by reference.

STREETT LAW FIRM, P.A.
Alex G. Streett, ABA#65038
James A. Streett, ABA#2007092
Robert M. Veach, ABA#2009165

107 West Main Street
Russellville, AR 72801
Telephone: (479) 968-2030
Facsimile: (479) 968-6253
Email:    Alex@StreettLaw.com
          James@StreettLaw.com
          Robert@StreettLaw.com

**STATE OF ARKANSAS**    )
                          )
**COUNTY OF POPE**      )

SUBSCRIBED AND SWORN to before me this 26th day of January, 2016.

_____
Notary Public

My Commission Expires:

```
BRANDY PRICE
Notary Public-Arkansas
Pope County
Commission Expires 08-20-2024
Commission # 12400612
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dental Equities, LLC
C/o Registered Agent Solutions Inc
4625 West Nevso DR, Ste 2
Las Vegas, NV 89103

9590 9403 0219 5146 4275 61

2. Article Number (Transfer from service label)

7015 1730 0002 1774 0685

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☒ Agent
   ☐ Addr

B. Received by (Printed Name)     C. Date of De

J. Parker                        1/24 16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Restricted Delivery

☐ Priority Mail Express
☐ Registered Mail™
☐ Registered Mail Rest. Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirm
☐ Signature Confirm Restricted Deliv

PS Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt



IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
                                   )
         Plaintiffs, )       CASE NO. 58CV-16-33
                                   )       CLASS ACTION
                                   )       JURY DEMAND
vs. )
                                     )
DENTAL EQUITIES, LLC )
KIANOR SHAHMOHAMMADI A/K/A )
KIANOR SHAH; and JOHN DOES 1-10, )
intending to refer to those persons, corporations or )
other legal entities that acted as agents, )
consultants, and independent contractors or )
representatives. )

## NOTICE OF VOLUNTARY DISMISSAL AS TO SEPARATE DEFENDANT, KIANOR SHAHMOHAMMADI A/K/A KIANOR SHAH WITHOUT PREJUDICE

       Comes now the Plaintiff, by and through their attorneys, the Streett Law Firm, P.A. and hereby gives notice to this Court of their intent to voluntarily dismiss the instant action without prejudice as to Separate Defendant Kianor Shahmohammadi, a/k/a Kianor Shah.

       **WHEREFORE**, Plaintiff prays that this Court enter an Order allowing the voluntary dismissal as to Separate Defendant, Kianor Shahmohammadi, a/k/a Kianor Shah, of this action without prejudice and for all other appropriate relief in the premises.

                                   Respectfully submitted,

                                   James A. Streett, AR Bar No. 2007092
                                   Alex G. Streett, AR Bar No. 65038
                                   Robert M. Veach, AR Bar No. 2009165
                                   STREETT LAW FIRM, P.A.
                                   107 West Main
                                   Russellville, AR 72801
                                   Telephone:   (479) 968-2030
                                   Facsimile:   (479) 968-6253
                                   Email:        Alex@StreettLaw.com
                                                       James@StreettLaw.com
                                                     Robert@StreettLaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing has been sent to:

Dental Equities, LLC
c/o Registered Agent Solutions, Inc.
4625 West Nevso Dr., Suite 2
Las Vegas, NV 89103

Kianor Shahmihammadi
a/k/a Kianor Shah
20107 Spectrum
Irvine, CA 92618

JAMES A. STREETT
Dated: ___2 - 11 · 16___

2

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on<br>behalf of itself and all other entities and<br>persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DENTAL EQUITIES, LLC<br>KIANOR SHAHMOHAMMADI A/K/A<br>KIANOR SHAH; and JOHN DOES 1-10,<br>intending to refer to those persons, corporations or<br>other legal entities that acted as agents,<br>consultants, and independent contractors or<br>representatives, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 58CV-16-33
CLASS ACTION
JURY DEMAND

## ORDER OF VOLUNTARY DISMISSAL AS TO SEPARATE DEFENDANT, KIANOR SHAHMOHAMMADI A/K/A KIANOR SHAH WITHOUT PREJUDICE

Comes now upon the Notice of Plaintiff to voluntarily dismiss all claims in this matter as to Separate Defendant Kianor Shahmohammadi, a/k/a Kianor Shah, and the Court finds the same to be appropriate and orders that all claims in this matter brought against Separate Defendant Kianor Shahmohammadi, a/k/a Kianor Shah are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dennis C. Sutterfield
**CIRCUIT COURT JUDGE**
**DATED:** _____

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on<br>behalf of itself and all other entities and<br>persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DENTAL EQUITIES, LLC d/b/a<br>PEER UNITED,<br>FIRST ARKANSAS BANK & TRUST and<br>JOHN DOES 1-10, intending to refer to those<br>Persons, corporations or other legal entities<br>That acted as agents, consultants, and independent<br>Contractors or representatives<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 58CV-16-33<br>   JURY DEMAND |

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES Now David Neurology, P.A. on behalf of itself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants, Dental Equities, LLC, d/b/a Peer United, First Arkansas Bank & Trust ("First Arkansas"), and John Does 1-10 and would respectfully show the following:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis Neurology. P.A. will be referred to as "Representative Plaintiff."

2.      Defendant Dental Equities, LLC, d/b/a Peer United and d/b/a Peer Equities, LLC (hereinafter, "Dental Equities") is, upon information and belief, a Nevada Corporation, having an address of PO Box 51390, Irvine, CA 92619-1390.   The registered agent is listed as REGISTERED AGENT SOLUTIONS, INC, with an address of 4625 West Nevso Dr. Suite 2, Las Vegas, NV, 89103.  Dental Equities is also doing business as Peers Nexus, Peer Equities,

1

LLC, Patient Advance, Patient News, PeersClub, Snergy, Connect The Doc, Apex, Tribune Group, The Progressive Dentist, Daric, Doctor Advance, The Dental Trader, DoWell, Extraction Academy, ADCPA, NAMP, Oral Disability Rescue, Dentist's Advantage, and WCNC Consulting.

3.     Defendant First Arkansas Bank & Trust ("First Arkansas"), upon information and belief, is an Arkansas state bank and is located at 600 Main Street, Jacksonville, AR. First Arkansas, through Card Assets, serves as a credit card issuer to over 400 financial institutions across the United States. Card Assets allows financial institutions and business organizations to issue branded consumer and small business credit cards. Card Assets is a division of First Arkansas Bank & Trust.

4.     Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Dental Equities and/or who assisted Dental Equities in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

5.     The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

6.     This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

7.      Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213. et seq.. in that the plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

8.      The Telephone Consumer Protection Act of 1991. Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code.  47 U.S.C. § 227 was last amended in 1994. In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

9.      In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine. computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods. or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

3

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11.     Representative Plaintiff has, and at all relevant times had, telephone service at 479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix Avenue, Russellville, AR 72801 in Pope County, Arkansas.  Representative Plaintiff receives facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax machine").

12.     Dental Equities offers services where dental professionals can unite administratively, academically, and financially for the benefit of patients and the dental professional.

13.     On or about December 18, 2015, Representative Plaintiff received on its fax machine a fax transmission from Dental Equities advertising a Doctors Club Program that "is about empowering the healthcare community without borders in a 3 pronged approach: Administration, Academics, and Finance."  The fax goes on to state that "One of the benefits of Doctors Club is its member identification credit card exclusively created for Healthcare Providers..."

14.     Upon information and belief, Defendant First Arkansas is the issuer of the cards which are the subject of the faxes in question.

15.     Both Defendant Dental Equities and Defendant First Arkansas authorized the sending of the illegal and unsolicited faxes in question, authorized their content, and authorized the promotion of the goods and services advertised thereon.

4

16.     The "Peer United" Twitter page has a post on December 16, 2015 that is identical to the fax transmission received by Representative Plaintiff.[1]

17.     A press release was issued on September 9, 2015 by Reuters announcing the "MasterCard World Elite Program for Healthcare Professionals.[2]" This press release has a picture of the same credit card on the fax received by Representative Plaintiff, and it quotes from the CEO of Dental Equities.  The press release states that Peer United is part of Peer Equities, LLC, and also lists a phone number of (949) 732-0033.

18.     The fax received by Representative Plaintiff from Defendants on or about December 8, 2015 was wholly unsolicited.  A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

19.     Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

20.     Exhibit A does not contain any Opt-Out Notice.

21.     Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

22.     Exhibit A does not contain an area at the bottom of the Fax that gives the options required by law, that a recipient might use without cost to the recipient, to request that they be removed from the faxing list utilized by Defendants.

23.     Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

24.     Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

---

[1] https://twitter.com/peerunited?lang=en
[2] http://www.reuters.com/article/peer-united-idUSnPn7BQJW049e+PRN20150909

5

25.     Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

26.     Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

27.     Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

28.     Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

29.     Plaintiff and the Class suffered actual and concrete injuries as a result of Defendants' conduct. By sending the unsolicited fax, Defendants improperly and unlawfully converted Plaintiff's fax machine, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

30.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because Plaintiffs' employees were involved in receiving, routing, and reviewing Defendants' unlawful fax. Defendants knew or should have known employees' time is valuable to Plaintiff.

31.     Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

32.     Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A during the period from January 15, 2012 through the present.

Excluded from the Class are: (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

33.     Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA.   Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Ark. R. Civ. P. 23(a).   The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

34.     Representative Plaintiff's claims are typical of the claims of the Class, as required by Ark. R. Civ. P. 23, in that Representative Plaintiff received an unsolicited facsimile

advertisement from Dental Equities advertising goods and services for a commercial purpose during the proposed Class Period.

35.     The factual and legal bases of Dental Equities' misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

36.     Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Ark. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

i.      Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

ii.     Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

iii.    Whether Defendants harmed Representative Plaintiff and the Class;

iv.     Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

v.      Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.     Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

37.     Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

38.     The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

39.     Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Ark. R. Civ. P. 23. Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
## VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

40.     Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 39 above as if fully set forth herein.

41.     The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

42.     As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission from Defendants in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
## TREBLE DAMAGES

43.     Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

44.     Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

45.     As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

46.     The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
## CONVERSION UNDER ARKANSAS LAW

47.     Plaintiff and the Class owned the facsimile machines, and the toner and paper utilized by such machines, to which the Defendants transmitted the unsolicited faxes in question.

48.     Plaintiff and the Class also had a possessory interest in the time spent by its employees who in the course of their employment received, routed, and reviewed the unsolicited faxes in question.

49.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner, and paper to its own use. Defendants also converted Plaintiff's and the Class members' employees' time to Defendants' own use. Such misappropriation was wrongful and without authorization and has resulted in injuries to both the Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE. Representative Plaintiff respectfully prays for the following relief:

a.      That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

b.      Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c.      Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d.      Trial by jury as to all issues so triable; and

e.      That the Representative Plaintiff and the members of the proposed Class be granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

_____

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main, Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com; James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 2nd Avenue North, 4th Floor, Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiffs

11



# Doctors**Club**®

As your colleagues, we want to wish you a *Happy Holiday*
and to inform you that the Doctors Club is finally here!



Doctors Club is about empowering the healthcare community without borders in a 3 pronged
approach: Administration, Academics, and Finance. One of the benefits of Doctors Club
is its member identification credit card exclusively created for Healthcare Providers.
The prestigious credit card is attached to a unique world of unprecedented discounts
and benefits catering to our personal and business needs.

Be the first to **Pre-Order** the Exclusive Doctors Club World Elite MasterCard!

| Your New Card Includes: | Also, Enjoy the Additional MasterCard Benefits: |
|---|---|
| » Access discounts and perks for your business and personal use with over 5,000 vendors and hundreds of thousands of offers<br><br>» Travel and vacation deals to more than 200 countries with over 100,000 hotel choices<br><br>» Local, Regional, National and Universal Privileges | » Robust Reward Program with options for Cashback and Points redeemable for merchandise, gift cards, and travel*<br>» World Elite Concierge Services**<br>» Emergency Card Replacement<br><br>» MasterCard Identity Theft Resolution<br>» Master Rental Coverage<br>» Chauffeured Car Service**<br>» Lost and Delayed Baggage Insurance<br>» Purchase Protections<br>» Extended Warrantee<br>» Luxury Travel Program**<br><br>*Redemption of points for travel are subject to a ticketing fee of $31/online or $36/phone<br>**Additional terms and conditions apply. Services provide are subject to third party fees |

# The Only Credit Card that was Designed <u>BY DOCTORS FOR DOCTORS.</u>

## *It Pays to Unite!*

For more information and complete terms and conditions
or to APPLY, visit **TheDrClub.com** today!



EXHIBIT

A

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A.  on )
behalf of itself and all other entities and )
persons similarly situated, )
                                    )
         Plaintiffs, )       CASE NO. 58CV-16-33
                                    )       JURY DEMAND
vs. )
                                      )
DENTAL EQUITIES, LLC d/b/a )
PEER UNITED, )
FIRST ARKANSAS BANK & TRUST and )
JOHN DOES 1-10, intending to refer to those )
Persons, corporations or other legal entities )
That acted as agents, consultants, and independent )
Contractors or representatives )
                                      )
         Defendants )

## SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

FIRST ARKANSAS BANK & TRUST

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

                 STREETT LAW FIRM, P.A.
                 107 West Main Street
                 Russellville, AR 72801.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office                      CLERK OF COURT
100 West Main Street
Russellville, AR 72801                       M. Vanderen DC
                                      [Signature of Clerk or Deputy Clerk]
                                       Date: 5-12-16

**No. 58cv-2016-33**     **This summons is for** *First Arkansas Bank & Trust*

## PROOF OF SERVICE

☐ I personally delivered the _____ to the
individual at _____ _____[place] on _____ [date]; or

☐ I left the _____ in the
proximity of the individual by _____ _____ after he/she refused to receive it
when I offered it to him/her; or

☐ I left the _____ at the
individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at
least 14 years of age who resides there, on _____[date]; or

☐ I delivered the _____ to
_____[name of individual], an agent authorized by appointment or by law to
receive service of summons on behalf of _____[name] on
_____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
_____ on the _____
by certified mail, return receipt requested, restricted delivery, as shown by the attached
signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the _____ by first-class mail to the
defendant together with two copies of a notice and acknowledgment and received the
attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____
_____
_____
_____
_____
_____

*My fee is* $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____                    SHERIFF OF _____ COUNTY, ARKANSAS

                                     By: _____
                                     [Signature of server]


                                     _____
                                     [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____         By: _____
                         [Signature of server]


                         _____
                         [Printed name]

Address: _____


         _____

Phone:   _____

Subscribed and sworn to before me this date: _____


                         _____
                         Notary Public


My commission expires: _____


Additional information regarding service or attempted service:

_____
_____
_____
_____
_____

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated. )
)
          Plaintiffs, )    CASE NO. 58CV-16-33
)    JURY DEMAND
vs. )
)
DENTAL EQUITIES, LLC d/b/a )
PEER UNITED, )
FIRST ARKANSAS BANK & TRUST and )
JOHN DOES 1-10, intending to refer to those )
Persons, corporations or other legal entities )
That acted as agents, consultants, and independent )
Contractors or representatives )
)
          Defendants )

## SECOND AMENDED CLASS ACTION COMPLAINT

COMES Now David Neurology, P.A. on behalf of itself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants, Dental Equities, LLC, d/b/a Peer United, First Arkansas Bank & Trust ("First Arkansas"), and John Does 1-10 and would respectfully show the following:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis Neurology, P.A. will be referred to as "Representative Plaintiff."

2.      Defendant Dental Equities, LLC, d/b/a Peer United and d/b/a Peer Equities, LLC (hereinafter, "Dental Equities") is, upon information and belief, a Nevada Corporation, having an address of PO Box 51390, Irvine, CA 92619-1390. The registered agent is listed as REGISTERED AGENT SOLUTIONS, INC, with an address of 4625 West Nevso Dr. Suite 2, Las Vegas, NV, 89103. Dental Equities is also doing business as Peers Nexus, Peer Equities,

1

LLC, Patient Advance, Patient News, PeersClub, Snergy, Connect The Doc, Apex, Tribune Group, The Progressive Dentist, Daric, Doctor Advance, The Dental Trader, DoWell, Extraction Academy, ADCPA, NAMP, Oral Disability Rescue, Dentist's Advantage, and WCNC Consulting.

3.      Defendant First Arkansas Bank & Trust ("First Arkansas"), upon information and belief, is an Arkansas state bank and is located at 600 Main Street, Jacksonville, AR. First Arkansas, through Card Assets, serves as a credit card issuer to over 400 financial institutions across the United States. Card Assets allows financial institutions and business organizations to issue branded consumer and small business credit cards. Card Assets is a division of First Arkansas Bank & Trust.

4.      Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Dental Equities and/or who assisted Dental Equities in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

5.      The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

6.      This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

2

7.     Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

8.     The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227 was last amended in 1994. In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

9.     In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11.     Representative Plaintiff has, and at all relevant times had, telephone service at 479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix Avenue, Russellville, AR 72801 in Pope County, Arkansas.  Representative Plaintiff receives facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax machine").

12.     Dental Equities offers services where dental professionals can unite administratively, academically, and financially for the benefit of patients and the dental professional.

13.     On or about December 18, 2015, Representative Plaintiff received on its fax machine a fax transmission from Dental Equities advertising a Doctors Club Program that "is about empowering the healthcare community without borders in a 3 pronged approach: Administration, Academics, and Finance." The fax goes on to state that "One of the benefits of Doctors Club is its member identification credit card exclusively created for Healthcare Providers..."

14.     Upon information and belief, Defendant First Arkansas is the issuer of the cards which are the subject of the faxes in question.

15.     Both Defendant Dental Equities and Defendant First Arkansas authorized the sending of the illegal and unsolicited faxes in question, authorized their content, and authorized the promotion of the goods and services advertised thereon.

4

16.     The "Peer United" Twitter page has a post on December 16, 2015 that is identical to the fax transmission received by Representative Plaintiff.[1]

17.     A press release was issued on September 9, 2015 by Reuters announcing the "MasterCard World Elite Program for Healthcare Professionals.[2]" This press release has a picture of the same credit card on the fax received by Representative Plaintiff, and it quotes from the CEO of Dental Equities. The press release states that Peer United is part of Peer Equities, LLC, and also lists a phone number of (949) 732-0033.

18.     The fax received by Representative Plaintiff from Defendants on or about December 8, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

19.     Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

20.     Exhibit A does not contain any Opt-Out Notice.

21.     Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

22.     Exhibit A does not contain an area at the bottom of the Fax that gives the options required by law, that a recipient might use without cost to the recipient, to request that they be removed from the faxing list utilized by Defendants.

23.     Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

24.     Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

---

[1] https://twitter.com/peerunited?lang=en
[2] http://www.reuters.com/article/peer-united-idUSnPn7BQJW0+9e+PRN20150909

5

25.     Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

26.     Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

27.     Defendants sent fax transmissions substantially similar to Exhibit A, and containing identical TCPA violations, to thousands of telephone facsimile machines located in Arkansas and other States offering the credit cards being marketed by Defendants. In fact, Defendants broadcast fax transmissions substantially similar to Exhibit A, and containing identical TCPA violations to almost 1,000,000 class members. A true and correct copy of the invoice reflecting the transmission of Defendants' faxes is attached hereto as Exhibit B and incorporated herein by reference.

28.     Said transmissions of Exhibit A, as reflected in Exhibit B, were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

29.     Plaintiff and the Class suffered actual and concrete injuries as a result of Defendants' conduct. By sending the unsolicited fax, Defendants improperly and unlawfully converted Plaintiff's fax machine, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

30.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because Plaintiffs' employees were involved in receiving, routing, and reviewing Defendants' unlawful fax. Defendants knew or should have known employees' time is valuable

6

to Plaintiff. Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

31.     Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more of the facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A as a result of fax transmissions order documented by Exhibit B.

Excluded from the Class are: (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

32.     Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA.  Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Ark. R. Civ. P. 23(a).  The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court. Representative Plaintiff's claims are typical of the claims of the Class, as required by Ark. R. Civ. P. 23, in that Representative Plaintiff received an unsolicited facsimile advertisement from

7

Dental Equities advertising goods and services for a commercial purpose during the proposed Class Period.

The factual and legal bases of Dental Equities' misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Ark. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

      i.     Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

      ii.    Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

      iii.   Whether Defendants harmed Representative Plaintiff and the Class;

      iv.   Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

      v.    Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

      vi.   Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

33.     Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

34.     The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

35.     Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Ark. R. Civ. P. 23. Moreover, Representative Plaintiff has

retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
### VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

36.    Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 39 above as if fully set forth herein.

37.    The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

38.    As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission from Defendants in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
### TREBLE DAMAGES

39.    Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

40.    Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

41.    As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

42.     The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
## CONVERSION UNDER ARKANSAS LAW

43.     Plaintiff and the Class owned the facsimile machines, and the toner and paper utilized by such machines, to which the Defendants transmitted the unsolicited faxes in question.

44.     Plaintiff and the Class also had a possessory interest in the time spent by its employees who in the course of their employment received, routed, and reviewed the unsolicited faxes in question.

45.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner, and paper to its own use. Defendants also converted Plaintiff's and the Class members' employees' time to Defendants' own use.  Such misappropriation was wrongful and without authorization and has resulted in injuries to both the Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a.      That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

10

b.      Pursuant to Count 1, that the Court enter judgment in favor of Representative

Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax

transmission in violation of the Telephone Consumer Protection Act;

c.      Pursuant to Count 2, that the Court find that Defendants willfully or knowingly

violated the Telephone Consumer Protection Act and increase the statutory damages against the

Defendants to a total of $1,500.00 for each and every fax transmission in violation of the

Telephone Consumer Protection Act;

d.      Trial by jury as to all issues so triable; and

e.      That the Representative Plaintiff and the members of the proposed Class be

granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main, Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com; James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 2nd Avenue North, 4th Floor, Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiffs

11

Fx:Nexus   To: 14798800118                                    10:20 12/18/15 GMT-05 Pg  1-1



As your colleagues, we want to wish you a *Happy Holiday*
and to inform you that the Doctors Club is finally here!



Doctors Club is about empowering the healthcare community without borders in a 3 pronged
approach: Administration, Academics, and Finance. One of the benefits of Doctors Club
is its member identification credit card exclusively created for Healthcare Providers.
The prestigious credit card is attached to a unique world of unprecedented discounts
and benefits catering to our personal and business needs.

Be the first to *Pre-Order* the Exclusive Doctors Club World Elite MasterCard!

### Your New Card Includes:

» Access discounts and perks for your business and
  personal use with over 5,000 vendors and hundreds of
  thousands of offers

» Travel and vacation deals to more than 200 countries with
  over 100,000 hotel choices

» Local, Regional, National and Universal Privileges

### Also, Enjoy the Additional MasterCard Benefits:

» Robust Reward Program          » MasterCard Identity Theft
  with options for Cashback        Resolution
  and Points redeemable for      » Master Rental Coverage
  merchandise, gift cards,       » Chauffeured Car Service**
  and travel*                    » Lost and Delayed
» World Elite Concierge            Baggage Insurance
  Services**                     » Purchase Protections
» Emergency Card                 » Extended Warrantee
  Replacement                    » Luxury Travel Program**

*Redemption of points for travel are subject to a ticketing fee of $31/
online or $36/phone
**Additional terms and conditions apply. Services provide are subject
to third party fees

## The Only Credit Card that was Designed <u>BY DOCTORS FOR DOCTORS</u>.

### *It Pays to Unite!*

For more information and complete terms and conditions
or to APPLY, visit **TheDrClub.com** today!



EXHIBIT

A

# ¡Blast | Fax Broadcasting

2 Gurdwara Road Suite 300
Ottawa, Ontario
K2E 1A2 Canada

To:
Nexus
32565 B Golden Lantern St. #235
Dana Point, CA
92629

### Invoice

| | |
|---|---|
| DATE | December 14 2015 |
| Invoice no. | 1000000 |
| Account # | 5492650 |
| PO Number | |

| Sevice | Account | PAYMENT TERMS | | AMOUNT | |
|---|---|---|---|---|---|
| | Cost | Months | | | |
| Dental Equities LLC | | | | | |
| For : 1 000 000 Delivered Faxes | 5000.00 | 2 | | | $10,000.00 |
| Project : | | | | | |
| MasterCard Doctors Club Holiday and New Year Campaign | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | SUB TOTAL | | | $10,000.00 |
| Please send payment to: | | | | | |
| j2 Global® | | | | | |
| 2 Gurdwara Suite 300 | | | | | $10,000.00 |
| Ottawa Ontario | | | | | |
| K2E 1A2 | | | | | |
| Canada | | | | | |
| | | Total Us | | | $10,000.00 |

If you have any questions concerning this invoice, Please contact the Accounts Receivable Dept. at (613)733-0000 Ext 7583

### Thank You For Your Business!



EXHIBIT

B

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A.  on )
behalf of itself and all other entities and )
persons similarly situated, )
)
        Plaintiffs, )       CASE NO. 58CV-16-33
)        JURY DEMAND
vs. )
)
DENTAL EQUITIES, LLC d/b/a )
PEER UNITED, )
FIRST ARKANSAS BANK & TRUST and )
JOHN DOES 1-10, intending to refer to those )
Persons, corporations or other legal entities )
That acted as agents, consultants, and independent )
Contractors or representatives )
)
        Defendants )

## AFFIDAVIT OF SERVICE

    I, the undersigned, being duly sworn, state that I did mail a copy of the Summons,  First

Amended Complaint, and Second Amended Complaint to First Arkansas Bank & Trust, c/o it's

registered agent, Larry T. Wilson, in the above-styled case, by certified mail, with return receipt

requested, to P.O. Box 827, Jacksonville, AR 72078-0829. That on the 20th day of May, 2016, I

received a return receipt card and delivery signature confirmation dated May 18, 2016. A copy of

the return receipt is hereto attached, marked Exhibit "A", and made a part hereof by reference.

STREETT LAW FIRM, P.A.
Alex G. Streett, ABA#65038
James A. Streett, ABA#2007092
Robert M. Veach, ABA#2009165
107 West Main Street
Russellville, AR 72801
Telephone: (479) 968-2030
Facsimile: (479) 968-6253
Email:   Alex@StreettLaw.com
       James@StreettLaw.com
       Robert@StreettLaw.com

**STATE OF ARKANSAS** )

)

**COUNTY OF POPE** )


SUBSCRIBED AND SWORN to before me this 20th day of May. 2016.

_____
Notary Public

My Commission Expires:

```
BRANDY PRICE
Notary Public-Arkansas
Pope County
My Commission Expires 08 20 2024
Commission # 12400612
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

First Arkansas Bank Trust
C/o Larry T. Wilson
PO Box 827
Jacksonville, AR 72078-0829

9590 9401 0154 5234 4137 24

2. Article Number (Transfer from service label)
015 1730 0002 1774 0371

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Andy Prinawter_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Andy Prinawter                        5-12-16

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:  ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

EXHIBIT