IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on behalf of itself and all other entities and persons similarly situated. ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO. 58CV-16-33 |
| vs. ) ) | JURY DEMAND |
| DENTAL EQUITIES, LLC d/b/a PEER UNITED, FIRST ARKANSAS BANK & TRUST and JOHN DOES 1-10, intending to refer to those Persons, corporations or other legal entities That acted as agents, consultants, and independent Contractors or representatives ) ) ) ) ) ) ) ) | |
| Defendants ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

COMES Now David Neurology, P.A. on behalf of itself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants, Dental Equities, LLC, d/b/a Peer United, First Arkansas Bank & Trust ("First Arkansas"), and John Does 1-10 and would respectfully show the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis Neurology, P.A. will be referred to as "Representative Plaintiff."

2. Defendant Dental Equities, LLC, d/b/a Peer United and d/b/a Peer Equities, LLC (hereinafter, "Dental Equities") is, upon information and belief, a Nevada Corporation, having an address of PO Box 51390, Irvine, CA 92619-1390. The registered agent is listed as REGISTERED AGENT SOLUTIONS, INC, with an address of 4625 West Nevso Dr. Suite 2, Las Vegas, NV, 89103. Dental Equities is also doing business as Peers Nexus, Peer Equities,

LLC, Patient Advance, Patient News, PeersClub, Snergy, Connect The Doc, Apex, Tribune Group, The Progressive Dentist, Daric, Doctor Advance, The Dental Trader, DoWell, Extraction Academy, ADCPA, NAMP, Oral Disability Rescue, Dentist's Advantage, and WCNC Consulting.

3. Defendant First Arkansas Bank & Trust ("First Arkansas"), upon information and belief, is an Arkansas state bank and is located at 600 Main Street, Jacksonville, AR. First Arkansas, through Card Assets, serves as a credit card issuer to over 400 financial institutions across the United States. Card Assets allows financial institutions and business organizations to issue branded consumer and small business credit cards. Card Assets is a division of First Arkansas Bank & Trust.

4. Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Dental Equities and/or who assisted Dental Equities in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

5. The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

6. This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

7.      Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

8.      The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227 was last amended in 1994. In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

9.      In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11. Representative Plaintiff has, and at all relevant times had, telephone service at 479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix Avenue, Russellville, AR 72801 in Pope County, Arkansas. Representative Plaintiff receives facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax machine").

12. Dental Equities offers services where dental professionals can unite administratively, academically, and financially for the benefit of patients and the dental professional.

13. On or about December 18, 2015, Representative Plaintiff received on its fax machine a fax transmission from Dental Equities advertising a Doctors Club Program that "is about empowering the healthcare community without borders in a 3 pronged approach: Administration, Academics, and Finance." The fax goes on to state that "One of the benefits of Doctors Club is its member identification credit card exclusively created for Healthcare Providers..."

14. Upon information and belief, Defendant First Arkansas is the issuer of the cards which are the subject of the faxes in question.

15. Both Defendant Dental Equities and Defendant First Arkansas authorized the sending of the illegal and unsolicited faxes in question, authorized their content, and authorized the promotion of the goods and services advertised thereon.

16. The "Peer United" Twitter page has a post on December 16, 2015 that is identical to the fax transmission received by Representative Plaintiff.[1]

17. A press release was issued on September 9, 2015 by Reuters announcing the "MasterCard World Elite Program for Healthcare Professionals."[2] This press release has a picture of the same credit card on the fax received by Representative Plaintiff, and it quotes from the CEO of Dental Equities. The press release states that Peer United is part of Peer Equities, LLC, and also lists a phone number of (949) 732-0033.

18. The fax received by Representative Plaintiff from Defendants on or about December 8, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

19. Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

20. Exhibit A does not contain any Opt-Out Notice.

21. Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

22. Exhibit A does not contain an area at the bottom of the Fax that gives the options required by law, that a recipient might use without cost to the recipient, to request that they be removed from the faxing list utilized by Defendants.

23. Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

24. Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

---

[1] https://twitter.com/peerunited?lang=en
[2] http://www.reuters.com/article/peer-united-idUSnPn7BQJW0+9e+PRN20150909

25. Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

26. Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

27. Defendants sent fax transmissions substantially similar to Exhibit A, and containing identical TCPA violations, to thousands of telephone facsimile machines located in Arkansas and other States offering the credit cards being marketed by Defendants. In fact, Defendants broadcast fax transmissions substantially similar to Exhibit A, and containing identical TCPA violations to almost 1,000,000 class members. A true and correct copy of the invoice reflecting the transmission of Defendants' faxes is attached hereto as Exhibit B and incorporated herein by reference.

28. Said transmissions of Exhibit A, as reflected in Exhibit B, were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

29. Plaintiff and the Class suffered actual and concrete injuries as a result of Defendants' conduct. By sending the unsolicited fax, Defendants improperly and unlawfully converted Plaintiff's fax machine, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

30. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because Plaintiffs' employees were involved in receiving, routing, and reviewing Defendants' unlawful fax. Defendants knew or should have known employees' time is valuable

to Plaintiff. Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

31. Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more of the facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A as a result of fax transmissions order documented by Exhibit B.

Excluded from the Class are: (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

32. Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Ark. R. Civ. P. 23(a). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court. Representative Plaintiff's claims are typical of the claims of the Class, as required by Ark. R. Civ. P. 23, in that Representative Plaintiff received an unsolicited facsimile advertisement from

Dental Equities advertising goods and services for a commercial purpose during the proposed Class Period.

The factual and legal bases of Dental Equities' misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Ark. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

    i. Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

    ii. Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

    iii. Whether Defendants harmed Representative Plaintiff and the Class;

    iv. Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

    v. Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

    vi. Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

33. Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

34. The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

35. Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Ark. R. Civ. P. 23. Moreover, Representative Plaintiff has

retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
## VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

36. Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 39 above as if fully set forth herein.

37. The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

38. As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission from Defendants in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
## TREBLE DAMAGES

39. Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

40. Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

41. As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

42. The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
## CONVERSION UNDER ARKANSAS LAW

43. Plaintiff and the Class owned the facsimile machines, and the toner and paper utilized by such machines, to which the Defendants transmitted the unsolicited faxes in question.

44. Plaintiff and the Class also had a possessory interest in the time spent by its employees who in the course of their employment received, routed, and reviewed the unsolicited faxes in question.

45. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner, and paper to its own use. Defendants also converted Plaintiff's and the Class members' employees' time to Defendants' own use. Such misappropriation was wrongful and without authorization and has resulted in injuries to both the Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

b. Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c. Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d. Trial by jury as to all issues so triable; and

e. That the Representative Plaintiff and the members of the proposed Class be granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main, Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com; James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 2nd Avenue North, 4th Floor, Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiffs

Fm:Nexus To: 14798800118                                              10:20 12/18/15 GMT-05 Pg 1-1



# Doctors**Club**®

As your colleagues, we want to wish you a *Happy Holiday* and to inform you that the Doctors Club is finally here!



Doctors Club is about empowering the healthcare community without borders in a 3 pronged approach: Administration, Academics, and Finance. One of the benefits of Doctors Club is its member identification credit card exclusively created for Healthcare Providers. The prestigious credit card is attached to a unique world of unprecedented discounts and benefits catering to our personal and business needs.

Be the first to **Pre-Order** the Exclusive Doctors Club World Elite MasterCard!

**Your New Card Includes:**

- Access discounts and perks for your business and personal use with over 5,000 vendors and hundreds of thousands of offers
- Travel and vacation deals to more than 200 countries with over 100,000 hotel choices
- Local, Regional, National and Universal Privileges

**Also, Enjoy the Additional MasterCard Benefits:**

- Robust Reward Program with options for Cashback and Points redeemable for merchandise, gift cards, and travel*
- World Elite Concierge Services**
- Emergency Card Replacement
- MasterCard Identity Theft Resolution
- Master Rental Coverage
- Chauffeured Car Service**
- Lost and Delayed Baggage Insurance
- Purchase Protections
- Extended Warrantee
- Luxury Travel Program**

*Redemption of points for travel are subject to a ticketing fee of $31/online or $36/phone
**Additional terms and conditions apply. Services provide are subject to third party fees

**The Only Credit Card that was Designed BY DOCTORS FOR DOCTORS.**

*It Pays to Unite!*

For more information and complete terms and conditions or to APPLY, visit **TheDrClub.com** today!



EXHIBIT A

# Invoice

**jBlast | Fax Broadcasting**

2 Gurdwara Road Suite 300
Ottawa, Ontario
K2E 1A2 Canada

| DATE | December 14 2015 |
| --- | --- |
| Invoice no. | 1000000 |
| Account # | 5492650 |
| PO Number | |

To:
Nexus
32565 B Golden Lantern St. #235
Dana Point, CA
92629

| Sevice | Account | PAYMENT TERMS | | AMOUNT |
| --- | --- | --- | --- | --- |
| | Cost | Months | | |
| Dental Equities LLC | | | | |
| For : 1 000 000 Delivered Faxes | 5000.00 | 2 | | $10,000.00 |
| Project : | | | | |
| MasterCard Doctors Club Holiday and New Year Campaign | | | | |
| | | | SUB TOTAL | $10,000.00 |
| Please send payment to:<br>J2 Global®<br>2 Gurdwara Suite 300<br>Ottawa Ontario<br>K2E 1A2<br>Canada | | | | $10,000.00 |
| | | | Total Us | $10,000.00 |

If you have any questions concerning this invoice, Please contact the Accounts Receivable Dept. at (813)733-0000 Ext 7563

Thank You For Your Business!



EXHIBIT B