**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 7 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| DAVIS NEUROLOGY, P.A., on behalf of itself and all other entities and persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | 4:16-cv-371-BSM |
| v. | ) ) | |
| | ) | Judge Miller |
| DENTAL EQUITIES, LLC, d/b/a PEER UNITED; FIRST ARKANSAS BANK & TRUST; and JOHN DOES 1-10, | ) ) ) ) ) | Magistrate Judge Deen |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO STAY THE CASE

Proposed Intervenors Scoma Chiropractic, P.A., Florence Mussat, M.D., S.C., and Dr.

William P. Gress (collectively, "Intervenors") respectfully submit this memorandum in support

of their motion to dismiss, or in the alternative to stay this case.

## I.      INTRODUCTION

This case is entirely duplicative of Intervenors' action, *Scoma Chiropractic, P.A. v.*

*Dental Equities, LLC, et al.* pending in the United States District Court for the Middle District of

Florida, Case No. 2:16-cv-00041-UA-MRM ("Scoma Action"). The cases are based on

identical junk faxes and allege similar conduct, and seek identical damages on behalf of a similar

class. The Scoma Action was filed January 25, 2016, and named First Arkansas Bank & Trust

on February 24, 2016. This action did not name First Arkansas Bank until May 12, 2016. The

Scoma Action has advanced much further.

Prior to joining the Scoma Action, there were 2 other cases pending arising out of alleged

unsolicited advertising faxes sent by or on behalf of Dental Equities, LLC and First Arkansas

Bank & Trust.  Plaintiff Florence Mussat, M.D., S.C. ("Mussat") filed its complaint against Kianor Shahmohammadi on January 7, 2016 in the United States District Court for the Northern District of Illinois, Case No. 16 C 171.  Plaintiff Dr. William P. Gress ("Gress") also filed a similar lawsuit against Kianor Shahmohammadi, Card Assets, LLC and First Arkansas Bank & Trust, in the United States District Court for the Northern District of Illinois, Case No. 16 C 1499 on January 28, 2016.  The Mussat, Scoma and Gress complaints attach copies of similarly designed unsolicited advertising faxes.

On February 4, 2016, Mussat filed an MDL Petition, MDL No. 16-8, seeking transfer of all cases to the United States District Court for the Northern District of Illinois.  The petition was subsequently withdrawn by Mussat after briefing by Defendants First Arkansas Bank & Trust, Dental Equities, LLC and Kianor Shahmohammadi.  While the petition was pending, Counsel for Scoma, Gress and Mussat voluntarily agreed to cooperate and coordinate their litigation efforts. "When feasible, such voluntary cooperation or coordination among the parties and the involved courts is preferable to centralization." *In re Local Lighthouse Corp. Telephone Consumer Protection Act (TCPA) Litig.*, No. MDL 2644, 118 F.Supp.2d 1379 (J.P.M.L Aug. 7, 2015) (*citing In re Eli Lily & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978) and Manual for Complex Litigation, Fourth, § 20.014 (2004)).

Both Gress and Mussat dismissed their complaints in the Northern District of Illinois without prejudice and joined the Scoma Action as plaintiffs and putative class representatives on April 29, 2016.

Counsel for Davis Neurology, P.A. has previously been contacted by one of the attorneys for the Intervenors regarding the existence of the pending Scoma Action, and was asked to dismiss or stay the duplicative case but counsel declined to do so.

## II.  SCOMA ACTION IS THE FIRST-FILED AGAINST FIRST ARKANSAS BANK

Federal comity permits Courts to stay or dismiss a duplicative case involving the same parties and claims in another district court.   Davis Neurology filed its complaint against Dental Equities, LLC in Arkansas state court on January 15, 2016.  Ten days later, the Scoma Action was filed in the Middle District of Florida.  After Davis Neurology amended its complaint on May 12, 2016, to add parties and make it virtually identical to the Scoma Action, First Arkansas Bank removed this case to this Court on June 14, 2016.

"[C]ourts follow a 'first to file' rule where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

The Court must also determine whether this case is a parallel action.  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013).  There is no question that the current complaints in these cases are virtually identical.  However, that was not the case a few months ago.  Almost 2 months after First Arkansas Bank was added as a defendant in the Scoma Action, Davis Neurology amended its complaint on May 12, 2016, to add this defendant making its complaint essentially identical to the further advanced Scoma Action. The first-filed rule is "usually disregarded when the competing suits were filed merely days apart." *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1153 (S.D.N.Y. 1995).   Under this construction, the Scoma Action should be treated as the first-filed against First Arkansas Bank.

## III.  FIRST-FILED RULE DOES NOT APPLY

"The first-filed rule is not, however, a rigid, mechanical, or inflexible rule; instead, the

rule should be applied in a manner that best serves the interests of justice." *Ralcorp Holdings, Inc.. v. Frito-Lay North America, Inc.*, No. 1:12CV00018 JLH, 2012 WL 933137, at *1 (E.D. Ark. March 20, 2012). "Courts may decline to follow the first-to-file rule if the balance of convenience weighs in favor of the second-filed court's continued exercise of jurisdiction." *Novartis AG v. Ezra Ventures, LLC*, No. 4:15-CV-00095 KGB, 2015 WL 4197692, at *3 (E.D. Ark. July 10, 2015).

The "[D]istrict court must consider the factual circumstances in each case before applying this rule." *Boatmen's First National Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638, 641 (8th Cir. 1995). Special or compelling circumstances can also be considered in determining to depart from the first-filed rule.[1] Departure from the first-filed rule is also warranted when one dispute has progressed more significantly than the other case. "A more significant factor to the resolution of this matter is the status of the two pending cases. " *Firstier Bank, N.A., v. G-2 Farms*, No. 4:CV95-3118, at *6 (D.Neb. March 11, 1996). *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 792 F.Supp. 655, 658 (D. Minn. 1992)(court may consider whether the second filed case is more developed than the first-filed case in determining whether to apply first-filed rule); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F.Supp.971, 973-74 (D.Del. 1992) (same).

Allowing Davis Neurology's action to proceed would represent an inefficient use of judicial resources. Given the possibility of conflicting results, allowing Davis Neurology's action to proceed would be contrary to the interest of justice. Application of the first-filed rule in this case would not serve the interests of justice because the Scoma Action is much more

---

[1] The two "red flags" special circumstances outlined in *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993), are not present here.

procedurally advanced.  The parties are actively engaged in discovery, including expert and third party discovery, and there are fully briefed motions on the pleadings.  Indeed, significant party and judicial resources have already been expended in the Middle District of Florida.  On the other hand, a stay or dismissal of this case would conserve party and judicial resources.

In *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985), the Eighth Circuit declined to follow the first to file rule and dismissed the earlier filed lawsuit because the later filed suit was further developed.  In *Orthmann*, the plaintiff filed suit in Minnesota federal court and later the same plaintiff filed an identical suit in the Western District of Wisconsin.  *Id.* at 120.  The Minnesota case was dismissed for lack of personal jurisdiction and a year later the Wisconsin case was dismissed after ruling on a Fed. R. Civ. P. 12(b)(6) motion.  The Wisconsin case was appealed to the Seventh Circuit and remanded to the district court.  The dismissal of the Minnesota case was appealed and the Eighth Circuit declined to apply the first-filed rule to allow the Minnesota case to proceed.  "Although he filed his action first in Minnesota, the decision by the Seventh Circuit means that the controversy is now further developed in Wisconsin district court.  We note that while none of the parties question whether the Wisconsin court has personal jurisdiction, the parties vigorously dispute whether there is personal jurisdiction over the defendants in Minnesota." *Id.* at 121.

In sum, the more procedurally advanced status of the Scoma Action warrants a departure from the first-filed rule and a stay or dismissal of this duplicative action.

## IV.    EQUITABLE PRINCIPLES WARRANT A STAY OF THIS CASE

Equitable principles should be considered in determining whether to apply the first-filed rule. In *Research Automation, Inc. v. Schrader Bridgeport Int'l, Inc.*, 626 F.3d 973, 980-82 (7th Cir. 2010), the Seventh Circuit clarified that the equitable principles that should be considered in

applying the first-to-file rule are whether dismissal would interfere with (1) the interests of justice, and (2) the convenience of the parties and witnesses. "The Eighth Circuit has declined to identify an exhaustive list of specific factors to consider when determining whether to transfer an action under 28 U.S.C. § 1404(a)." *PerfectVision Mfg., Inc. v. PPC Broadband, Inc.*, 951 F.Supp.2d 1083, 1094 (E.D. Ark. 2013).

A stay of this case would conserve judicial and party resources. The prejudice to Davis Neurology would be minimal whereas the defendants would have to litigate cases in two separate courts. The judicial system would be also adversely burdened by having to expend scarce judicial resources on duplicative actions. Moreover, the Intervenors have already done substantial work and discovery in the Scoma Action while this case remains in the pleading stages.

A review of the docket in this case also provides that the parties are discussing settlement. While it is unknown whether class or individual settlement is being discussed, a class settlement of a case where there has been no discovery and where the defendant recently appeared raises several questions as discussed in *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002), and presents a compelling reason to stay this case.

The convenience of the parties and witnesses supports a stay of this action. While one of the party defendants is located in Arkansas, the other defendant, Dental Equities and its principal, Dr. Shahmohammadi, are located in California. The fax broadcaster is in Canada. The Intervenors' expert is outside of Arkansas.

While First Arkansas Bank's witnesses and documents may be located here in Arkansas, the other defendant and third party witnesses are outside of Arkansas. The convenience of Defendants' own employees should not factor heavily in the convenience analysis because it is

presumed that a party's employees will appear voluntarily, and will not require the use of the

Court's compulsory process. *Jewel A., Inc., v. Combine Int'l, Inc.*, 07 C 3596, 2007 WL

4300589, at \*3 (N.D. Ill. Nov. 30, 2007).  In addition, given the parties' ability to access relevant

documents and information electronically, the burden of any document production will be slight.

*Rabbit Tamaka Corp. USA v. Paradise Shops, Inc.*, 589 F.Supp.2d 836, 840 (N.D. Ill. 2009)

("transferring documents from one district to another is commonplace and, given the widespread

use of digital imaging . . . no more costly than transferring them across town.").

Equitable principles mandate a stay of this action.  The interests of justice and

convenience of the parties are not furthered by continued litigation of this action.

## V.    CONCLUSION

For the foregoing reasons, Intervenors respectfully request a stay or dismissal of this
case.                                             Respectfully submitted,

Robert R. Cloar

Robert R. Cloar
Attorney At Law, Bar No. 72025
P.O. Box 1623
Fort Smith, AR 72902
(479) 783-1186


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
*Application for Admission Pro Hac Vice Pending*

*Attorneys for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I, Robert Cloar, hereby certify that on September 2 5, 2016, a true and correct copy of the foregoing document, was filed via the Court's CM/ECF system which caused notice to be sent to the following parties:

James A. Streett
Alex G. Streett
Streett Law Firm, P.A.
107 West Main
Russellville, AR 72801
james@streettlaw.com

Gary D. Marts, Jr.
Jaimie Grunert Moss
Patrick Darrow Wilson
Wright, Lindsey & Jennings
200 West Capitol Ave., Ste. 2300
Little Rock, AR 72201
gmarts@wlj.com
jmoss@wlj.com
pwilson@wlj.com

Joe P. Leniski
Branstetter, Stranch & Jennings PLLC
223 Rosa L. Parks Ave., Ste. 200
Nashville, TN 37204
jleniski@branstetterlaw.com

Lewis S. Wiener
Sutherland Asbill & Brennan LLP
700 Sixth Street NW, Suite 700
Washington, D.C. 20001
lewis.wiener@sutherland.com

Robert R. Cloar
AR Bar ID: 72025
P.O. Box 1623
Fort Smith, AR 72902
rrcloar@gmail.com
*Attorney for* **Proposed Intervenors**