## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

DAVIS NEUROLOGY, P.A.,
On behalf of itself and all other entities and
persons similarly situated,

                Plaintiffs,

v.

         Case No. 4:16-cv-00371-BSM

DENTAL EQUITIES, LLC d/b/a
PEER UNITED, FIRST ARKANSAS BANK
& TRUST and JOHN DOES 1–10,

                Defendants.

## DEFENDANT FIRST ARKANSAS BANK & TRUST'S
## RESPONSE TO THE MOTION TO INTERVENE

Defendant First Arkansas Bank & Trust ("First Arkansas") submits this Response to the
Motion to Intervene by Scoma Chiropractic, P.A., Dr. William P. Gress, and Florence Mussat,
M.D., S.C. (collectively, the "Scoma Plaintiffs"), and respectfully requests that the Motion to
Intervene be denied.

Notwithstanding the identity of issues of law and fact in this case and *Scoma
Chiropractic, P.A. v. Dental Equities, LLC, et al.*, currently pending in the United States District
Court for the Middle District of Florida (the "Florida Action"), the Scoma Plaintiffs' Motion to
Intervene is untimely and would also prejudice the parties in this case in light of their proposed
settlement of this matter and should be denied.[1]

---

[1] The Scoma Plaintiffs' have also filed a Motion to Dismiss or Stay the Case (Dkt. No. 20), which is premature
because they have not been granted leave to intervene.  If the Motion to Intervene is denied, the Motion to Dismiss
or Stay the Case should be denied as moot.  If the Motion to Intervene is granted, however, First Arkansas
respectfully requests that it be allowed 10 days from the date of such order to respond to the Motion to Stay/Dismiss.
Denying the Scoma Plaintiffs' Motion to Intervene will not preclude them from participating in this action.  Because

I.       **BACKGROUND**

The defendants in this case—Dental Equities, LLC and First Arkansas Bank—have been sued in several class actions alleging that they violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited fax advertisements.  More specifically:

- On January 7, 2016, Florence Mussat, M.D., S.C. filed an action in the Northern District of Illinois against Kianor Shahmohammadi a/k/a/ Dr. Kianor Shah and UMB Bank, N.A. No. 1:16-cv-171 (the "Mussat case").  Plaintiff Mussat voluntarily dismissed the case, and then joined with Plaintiff Scoma in the Florida Action.

- On January 15, 206, this case (the "Davis case) was first filed in Arkansas state court, prior to the Florida Action.  Following an amendment to add First Arkansas as a defendant, this case was timely removed to this court on June 14, 2016.

- On January 25, 2016, Scoma Chiropractic, P.A. filed an action in the Middle District of Florida against Dental Equities, LLC and John Does 1-10. No. 2:16-cv-41. First Arkansas Bank & Trust was not named originally as a defendant in the Scoma case and was added later by amendment.

- On January 28, 2015, Dr. William P. Gress filed an action in the Northern District of Illinois, the same court where the Mussat case was pending, naming as defendants Kianor Shahmohammadi a/k/a/ Dr. Kianor Shah, Card Assets, LLC, First Arkansas Bank & Trust and John Does 1-10 (the "Gress case").  The plaintiff voluntarily dismissed that case and joined with Plaintiff Scoma in the Florida Action.

On February 4, 2016, Mussat filed a petition pursuant to 28 U.S.C. § 1407 requesting that the Mussat and Scoma cases be centralized in the Northern District of Illinois, where both the

---

the parties to this case are seeking preliminary approval of a class settlement, the Scoma Plaintiffs will have an opportunity to oppose that settlement as provided for in Plaintiff's Motion for Preliminary Approval.

38075772.10

Mussat and Gress cases were pending.  Gress later joined in that request.  As a result of an agreement among plaintiffs' counsel, Mussat's counsel later filed an amended petition requesting centralization of the cases in Florida (notwithstanding Mussat's prior arguments supporting centralization in Illinois).  When that effort was opposed by First Arkansas's counsel, principally because these cases have little to no connection to Florida and Plaintiff's conduct smacks of forum shopping, Mussat abruptly dismissed its case and, along with Gress, who voluntarily dismissed his action pending in the Northern District of Illinois, joined as a party plaintiff in the Florida (Scoma) Action.

The Scoma plaintiffs' Motion to Intervene, filed so that they can move to stay or dismiss this case in favor of protracted, time-consuming and expensive litigation in Florida should be denied because it is prejudicial (as well as untimely) to the parties in this case in that its ultimate goal is to thwart settlement.

## II.     ARGUMENT

## A.     Standard of Review

Federal Rule of Civil Procedure 24(b) regarding permissive intervention provides that "[o]n a timely motion, the court may permit anyone to intervene who: (a) is given a conditional right to intervene by federal statute; or (b) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  "The decision to grant or deny a motion for permissive intervention is wholly discretionary."  *Steel-Arkansas v. U.S. Envtl. Prot. Agency*, 2016 WL 4045425, at *2 (E.D. Ark. Apr. 13, 2016), citing *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).  The primary consideration for the court is "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *South Dakota*, 317 F.3d at 787.

**B.    The Proposed Intervention is Both Prejudicial and Untimely.**

**1.    Granting the Scoma Plaintiffs' Motion to Intervene will Prejudice the Parties in this Case.**

While no responsive pleading has been filed in this case, the parties to this action have been working diligently to reach a settlement, including participation in a full-day mediation on August 15, 2016, which has been memorialized in a settlement agreement that has been presented to this court for preliminary approval.  To aid the parties' settlement efforts, First Arkansas moved for and was granted two extensions of time to respond to the complaint.  (Dkt. Nos. 7, 11).  Thus, despite the Scoma Plaintiffs' assertions to the contrary, the proceedings in this case have, in fact, proceeded to a point where it would be prejudicial to permit the Scoma Plaintiffs to intervene.  Allowing a party to intervene at the settlement stage of litigation constitutes undue prejudice to the existing parties to the litigation.  *See U.S. Bank Nat. Ass'n v. State Farm Fire & Cas. Co.*, 765 F.3d 867, 869–70 (8th Cir. 2014) (denying a motion to intervene based, in part, on the fact that the parties had already reached a settlement); *In re Uponor, Inc. F1807 Plumbing Fittings Products Liability Litig.*, 2012 WL 2325798, at *3 (D. Minn. June 19, 2012) (denying intervention where settlement parties would be "prejudiced by an expensive, time-consuming delay, additional discovery, and by restarting or revisiting settlement negotiations").   Other Circuits have held that intervention at the settlement stage constitutes undue prejudice to the existing parties in a case.  *See, e.g.*, *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (explaining that intervention "on the eve of settlement" would "prejudice settling parties by potentially derailing settlement talks, and especially where [the potential intervenors'] concerns could largely be addressed through the normal objection process."); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (affirming district court's denial of motion to

intervene "where intervention would jeopardize a settlement between the existing parties."); *In re Holocaust Victim Assets Litigation*, 225 F.3d 191, 199 (2d Cir. 2000) (affirming district court's denial of intervention at the settlement stage because "the parties had engaged in extensive negotiations" and allowing intervention "would [have] prejudice[d] the existing parties by destroying their [s]ettlement and sending them back to the drawing board."); *Stewart v. Rubin*, 948 F.Supp. 1077, 1104 (D.D.C. 1996) (finding prejudice where intervention would delay implementation of the settlement), *aff'd* 1997 WL 369455 (D.C. Cir. 1997).

If the Scoma Plaintiffs are allowed to intervene and become parties to this litigation so they may pursue their efforts to stay or dismiss this action in favor of continued litigation in Florida, they will derail the current parties' settlement. As the Scoma Plaintiffs note, the current case shares common issues of law and fact with the action in Florida and indeed, the settlement will include all members of the class the Scoma Plaintiffs seek to have certified in Florida, including the Scoma Plaintiffs themselves. To the extent the Scoma Plaintiffs conclude they do not agree with the proposed settlement terms agreed to by the parties in the case, denial of their Motion to Intervene will not serve as a gag order. Instead, they may address any disagreement by filing an objection to the settlement, rather than intervene in the eleventh hour in proceedings in which they have had no prior involvement.

The Scoma Plaintiffs' assertion that Davis Neurology or other parties in the action will not be prejudiced by their proposed intervention and the case being either dismissed or stayed is simply incorrect. As the plaintiff in this case, Davis Neurology has an equal stake in the settlement of the claims at issue and has worked to bring the case to a resolution. If the Scoma Plaintiffs are allowed to intervene, Davis Neurology's interest in the settlement will be put at risk. The Scoma Plaintiffs cite *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d

5

783, 787 (8th Cir. 2003), to say that a court can determine whether to permit intervention based on whether the proposed intervenor's interests are adequately protected.  The Scoma Plaintiffs attempt to turn that proposition on its head by arguing that they should be allowed to intervene because Davis Neurology will be adequately protected in the Scoma Action.  This is not the law. As the party seeking intervention, the Scoma Plaintiffs bear the burden to show that their interests will not be adequately protected if they are not permitted to intervene.  They have not done so, and in fact, the Scoma Plaintiffs will be adequately protected under the Davis settlement and may object if they feel otherwise.

**2.      The Scoma Plaintiffs' Motion is Untimely.**

A district court has discretion to determine whether a motion for permissive intervention is timely, taking into account "all of the circumstances" but also "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties."  *Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Academy*, 643 F.3d 1088, 1093 (8th Cir. 2011).

The Scoma Plaintiffs' Motion to Intervene is untimely given that the Davis Action has progressed to settlement.  *See Arrow v. Gambler's Supply, Inc.*, 55 F.3d  407, 409 (8th Cir. 1995) (affirming district court's denial of motion to intervene as untimely when movants waited two years and only moved when parties reached settlement agreement); *Moten v. Bricklayers, Masons & Plasterers Intern. Union of Am.*, 543 F.2d 224, 228 (D.C. Cir. 1976) (affirming the district court's denial of motion to intervene as untimely where the motion was filed on the eve of settlement).  The Scoma Plaintiffs' argue that the Florida Action is further progressed because a scheduling order has been issued and the parties have begun discovery.  (Dkt. No. 19, at 3).

The scheduling order was issued in the Scoma action as a function of the Court's rules, not due to any particular alacrity by the parties.  With respect to discovery, the Scoma Plaintiffs started but have not concluded one deposition and the discovery deadline is over a year away (November 2017).

Moreover, absent from the Scoma Plaintiffs' motion is any mention of the fact that to date, no answer has been filed in the Florida action, and the Plaintiffs in that case recently filed a third amended complaint[2] seeking to join Mastercard, who has not yet filed an appearance or otherwise answered or responded.  For all practical purposes, and despite the Scoma Plaintiffs' protestations to the contrary, that case is still in its infancy.  The Scoma Plaintiffs cite to *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 999 (8th Cir. 1993), to support their assertion that a motion to intervene is proper where there has been little activity in a case, which they allege is the case here.  *Mille Lacs* is distinguishable because the parties in that case had reached a "temporary impasse" and had not been able to move the case forward. *Id.* Therefore, the time it took the proposed intervenors to file their motion was much less of an issue.  By contrast, the Scoma Plaintiffs' proposed intervention comes after the completion of successful settlement negotiations between the parties in this case, which distinguishes it from *Mille Lacs*.

The Davis Action was also filed first and thus has priority under the "first-filed" rule. *Keymer v. Mgmt. Recruiters Intern., Inc.*, 169 F.3d 501, 503 (8th Cir. 1999), citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004–05 (8th Cir. 1993) (explaining that the first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid

---

[2] The first amended complaint, filed February 24, 2016, added First Arkansas as a defendant.  The second amended complaint filed April 29, 2016 added Mussat and Gress as plaintiffs.  The third amended complaint was filed on September 26, 2016.

conflicting rulings).  Here, the Davis Action was filed in Arkansas state court on January 15,

2016.  The Scoma Action was not filed until January 25, 2016.  The Davis Action was filed ten

days prior to the Scoma Action and thus, this Court has priority to entertain the case.

      The Scoma Plaintiffs attempt to argue that because First Arkansas was added to the

Scoma Action prior to being added to the Davis Action, the Scoma Action is functionally the

first-filed case. (Dkt. No. 19, at 5).  This argument is inconsistent with the first-filed rule, which

gives priority to the first-*filed* case, irrespective of when a particular party of interest is joined in

the proceedings.   The Scoma Plaintiffs also cite to *Ontel Products, Inc. v. Project Strategies*

*Corp.*, 899 F.Supp. 1144, 1153 (S.D.N.Y. 1995), for the proposition that the first-filed rule

should be disregarded when competing suits are filed "merely days apart."  That case is

inapposite given that the lawsuits at issue in *Ontel* were filed on the *same* day and because the

*Ontel* court was referring to a case where a later-filed declaratory judgment action was triggered

by a notice of an earlier proceeding and the court decided not to follow the first-filed rule for

equitable reasons.  *Id.*, citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir.

1978).  There are no such issues here since the Scoma case does not involve a declaratory

judgment and was not triggered by the filing of the Davis Action.

      Further, the Scoma Plaintiffs had ample notice of the Arkansas proceedings and chose not

to act prior to filing the September 27, 2016 motion to intervene.  By their own admission, the

Scoma Plaintiffs became aware of the current action in February 2016, eight months ago, when

First Arkansas and Dental Equities were briefing the MDL petition and while this action was still

in Arkansas state court.  (June 14, 2016 Mem. In Support of Mt. to Intervene, Dkt. No. 19, at 6).

The Davis Action was removed to federal court on June 14, 2016, yet the Scoma Plaintiffs did

not file their Motion to Intervene until September 27, 2016.  The Scoma Plaintiffs have been

aware of this case virtually since its inception[3] and were on notice that the case was active and

that the parties were working towards an alternative resolution of the claims.  (Dkt. Nos. 7, 11)

(indicating that the parties were engaging in settlement discussions).  Despite knowing about this

case, the Scoma Plaintiffs have stood idly by without making any effort to intervene or otherwise

protect the interests they now claim will be prejudiced if this case is permitted to proceed.

The Scoma Plaintiffs also fail to justify why they delayed in seeking intervention.

Instead, they maintain that three months of inaction does not constitute a delay.  (*See* Dkt. No.

19, at 5–7).  First, it is disingenuous for the Scoma Plaintiffs to ignore the five months this case

was pending in State Court and claim they waited "only" three months after the case was

removed to pull the trigger on the proposed intervention.  The Scoma Plaintiffs have known

about this case since February 2016, eight months prior to moving to intervene.  Second, even if

the delay was "only" three months, the primary consideration for whether a motion is timely is

not just the passage of time but rather the prejudice caused to the parties in the action. *Nissei*

*Sangyo Am., Ltd. v. U.S.*, 31 F.3d 435, 439 (7th Cir. 1994) (finding that while passage of time is

an important factor, "the most important consideration in deciding whether a motion for

intervention is untimely is whether the delay in moving for intervention will prejudice the

existing parties to the case"); *see also* Wright, Miller & Kane, *Federal Practice and Procedure* §

1908, at 272–74 (1986). The parties were working towards settlement during the Scoma

Plaintiffs' three-month delay.  Much effort was expended over that time to negotiate a

settlement, including weeks of negotiations and participation in a day-long mediation.  To allow

the Scoma Plaintiffs to enter into the case now to pursue their motion to stay or dismiss in favor

of continued litigation in Florida would prejudice the parties—especially the proposed settlement

class members—by depriving them of the benefits of the proposed settlement of this matter.

---

[3] Mussat's counsel in the ND IL action first contacted Plaintiffs' counsel in this case in February 2016.

Because the Scoma Plaintiffs unreasonably delayed in filing their Motion to Intervene, the motion should be denied.  "The issue of the timeliness of a motion to intervene is a threshold issue."  *U.S. v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010).  Even with the substantial prejudice caused to First Arkansas and the other parties in this action, this Court need not conduct that analysis because the Scoma Plaintiffs' motion was filed too late.

## III.    CONCLUSION

For the foregoing reasons, First Arkansas respectfully requests that this Court deny the Scoma Plaintiffs' Motion to Intervene.


Dated: October 11, 2016

Respectfully submitted,

**WRIGHT, LINDSEY & JENNINGS LLP**


By: _____

Patrick D. Wilson (99073)
Gary D. Marts, Jr. (2004116)
Jaimie G. Moss (2012228)
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Phone: (501) 371-0808
Fax:     (501) 376-9442
pwilson@wlj.com
gmarts@wlj.com
jmoss@wlj.com


Lewis S. Wiener (*Pro Hac Vice*)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street N.W., #700
Washington, D.C. 20001
Phone: (202) 383-0100
Facsimile:  (202) 637-3593
lewis.wiener@sutherland.com

**Attorneys for Defendant**
**FIRST ARKANSAS BANK & TRUST**

38075772.10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Memorandum of Law in Support of Defendant First Arkansas Bank & Trust's Response to the Motion to Intervene has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 11th day of October 2016.

_____
Gary D. Marts, Jr.