## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| DAVIS NEUROLOGY, P.A., on behalf of itself and all other entities and persons similarly situated, | ) ) ) ) | |
| | ) | Civil Action No. 4:16-cv-00371-BSM |
| Plaintiffs, | ) ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| DENTAL EQUITIES, LLC d/b/a PEER UNITED, FIRST ARKANSAS BANK & TRUST and JOHN DOES 1-10, intending to refer to these Persons, corporations or other legal entities That acted as agents, consultants, and independent Contractors or representatives, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement (the "Settlement Agreement") is entered into as of October 7, 2016, by and between Davis Neurology, PA ("Plaintiff"), for itself and on behalf of a class of persons it seeks to represent ("Settlement Class" defined below), and First Arkansas Bank & Trust ("FABT") (Plaintiff and FABT are collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to final approval of the Court.

## I.    RECITALS

The following recitals are material terms of this Settlement Agreement, and all defined terms used in the recitals shall have the meaning provided in Section II, below, except as otherwise defined herein.   This Settlement Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.      On January 15, 2016, Plaintiff filed a putative class action complaint in the Circuit Court of Pope County, Arkansas captioned *Davis Neurology, PA v. Dental Equities, LLC, et al*, Case No. 58CV-16-33 (the "State Court Action").

B.      On May 13, 2016, Plaintiff filed a Second Amended Complaint in the State Court Action (the "Second Amended Complaint") on behalf of Plaintiff and a putative class, naming FABT as a defendant and alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., by sending unsolicited facsimile advertisements to class members' telephone fax machines without the prior express consent of the Plaintiff and the putative class members.

C.      On June 14, 2016, FABT removed the State Court Action to the United States District Court for the Eastern District of Arkansas (the "Court").  The removed case is captioned *Davis Neurology, PA v. Dental Equities, LLC*, et al, Case No. 4:16-cv-00371 (the "Action").

D.      On July 15, 2016, the Parties participated in a full-day mediation with a third-party neutral mediator Richard Ramsay of Ramsay Mediation & Arbitration (the "Mediator"), a former president of the Arkansas Bar Association. The mediation and subsequent negotiations resulted in a settlement, as set forth in this Settlement Agreement.

E.      FABT denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability and denies all material allegations in the Second Amended Complaint. FABT desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

F.      Plaintiff and Plaintiff's Counsel Branstetter, Stranch & Jennings, PLLC and Streett Law Firm, P.A. ("Class Counsel") have investigated the facts and law underlying the claims asserted in the Action and believe that the claims have merit.  Nonetheless, Plaintiff and

2

its counsel recognize and acknowledge the expense, time, risk and uncertainty associated with continued prosecution of the Action against FABT through discovery, dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the sharply contested issues involved, and the risks, uncertainty and difficulties inherent in litigation, especially in complex actions. Therefore, Plaintiff and Class Counsel believe that it is desirable that the Released Claims be fully and finally compromised settled, dismissed with prejudice and barred pursuant to the terms set forth herein. Based on their evaluation, Plaintiff and Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and convey substantial benefits to Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims, as defined herein, pursuant to the terms and provisions of this Settlement Agreement.

G.       The parties agree that the Action was resolved in good faith, following arm's length bargaining presided over by the Mediator and that the settlement reflected herein confers substantial benefits upon the Parties and the Settlement Class.

H.       The Parties understand, acknowledge and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.   This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms hereof and is not an admission of wrongdoing or liability on the part of any party hereto.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties, by and through their undersigned respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement and as may

3

be ordered by the Court, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Settlement Agreement.

## II.    DEFINITIONS

1.    **"Cash Award"** means a cash payment to an Eligible Settlement Class Member, pursuant to Section III.E, below.

2.    **"Claim Form"** means the claim form that is to be provided to the Settlement Class, subject to approval by the Court, substantially in the form attached hereto as **Exhibit A** or in such form as may be ordered by the Court.

3.    **"Claim Period"** means the period of time in which a Settlement Class Member may submit a Claim Form, which must be properly completed so that a Settlement Class Member is eligible to receive a Cash Award as part of the settlement.  The last day of the Claim Period will be ninety (90) days following the first date of dissemination of the Class Notice or such other time as may be ordered by the Court.

4.    **"Claims Administrator"** means the settlement and claims administrator selected by Class Counsel., subject to approval by the Court.

5.    **"Class Counsel"** means:

> Joe P. Leniski, Jr.
> BRANSTETTER, STRANCH & JENNINGS
> 223 Rosa Parks Av, Ste. 220
> Nashville, TN  37203
>
> James A.  Streett
> STREETT LAW FIRM.
> 107 W. Main Street
> Russellville, AR 72801

6.     **"Class Representative"** means Davis Neurology, PA.

7.      **"Class Notice"** means notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class by various means pursuant to this Agreement, including Fax Notice, Website Notice, and any additional notice that might be ordered by the Court.

8.     **"Court"** means the United State District Court for the Eastern District of Arkansas.

9.     **"*Cy Pres* Distribution"** means monies that may be distributed from the Settlement Fund if any such monies remain in the Settlement Fund after payment of Settlement Administration Costs, Fee Awards, Incentive Award and Cash Awards, pursuant to Section III.F.

10.     **"Effective Date"** means: the date that is five (5) days after the last of the following dates: (1) the date of entry of the Final Approval Order; and (2) the date of final disposition of any related appeals, and in the case of no appeal or review being filed, the date of expiration of the applicable appellate period.

11.     **"Eligible Settlement Class Member"** means a Settlement Class Member who timely submits a complete and accurate Claim Form to the Claims Administrator, pursuant to Section III.E.

12.     **"Fax Notice"** means the notice that will be provided to Settlement Class Members pursuant to Section III.J.3.a, subject to approval by the Court, including two exemplar facsimile transmissions advertising the availability of "Doctors Club" credit cards that are attached as Exhibits 1 and 2 thereto, substantially in the form attached hereto as **Exhibit B** or in such other form as may be ordered by the Court.  The Fax Notice shall direct recipients to the address of the Settlement Website.

13.     **"Final Approval Hearing"** means the hearing before the Court at or after which the Court will make a final decision whether to approve the proposed settlement set forth herein as fair, reasonable and adequate.

14.     **"Final Approval Order and Judgment"** means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as **Exhibit C** or in such form as may be ordered by the Court, to be entered by the Court following the Final Approval Hearing.

15.     **"FABT's Counsel"** means:

> Lewis S. Wiener
> SUTHERLAND ASBILL & BRENNAN, LLP.
> 700 Sixth Street, NW, Suite 700
> Washington D.C. 20001
>
> Patrick D. Wilson
> Gary D. Marts, Jr.
> WRIGHT LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201

16.     **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

17.     **"Notice Plan"** means the plan, as set forth in Section III.J.3, and as executed and administered by the Claims Administrator, for disseminating notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing.

18.     **"Preliminary Approval Hearing"** means the hearing at or after which the Court will make a preliminary decision whether to approve the settlement set forth in this Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval.

19.     **"Preliminary Approval Order"** means the document substantially in the form attached hereto as **Exhibit D** or such other order that may be entered by the Court, for purposes of preliminarily approving the Settlement Agreement, certifying the Settlement Class solely for settlement purposes, and approving the form of the Notice and Notice Plan.

20.     **"Objection/Exclusion Deadline"** means the date by which (1) a written objection to this Settlement Agreement, or (2) a request for exclusion from the settlement, must be postmarked, which shall be no later than forty-five (45) calendar days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, which deadline shall be posted to the Settlement Website listed in Section III.J.3.(b).

21.     **"Released Claims"** means the claims released in Section III.P.

22.     **"Releasing Parties"** means: (a) Plaintiff; and (b) Settlement Class Members who do not otherwise timely opt-out of the Settlement Class (whether or not such members submit claims) and their respective present, former or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, agents, employees and anyone working on their behalf.

23.     **"Released Parties"** means FABT, Dental Equities, LLC ("Dental Equities"), and all of its predecessors, successors, subsidiaries, affiliates, divisions, and all of their present, former or subsequent respective officers, directors, members, principals, insurers, insureds, representatives, employees, shareholders, agents and assigns or anyone working on their behalf.

24.     **"Settlement Fund"** means the sum One Million Five Hundred Twenty-Five Thousand Dollars ($1,525,000.00) FABT has agreed to pay pursuant to the terms of this Settlement Agreement, including but not limited to Section III.C below.

25.      **"Settlement Class"** means all persons within the United States who on or after four years prior to the filing of this Action, were successfully sent a facsimile transmission advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants related to "Doctors Club" credit cards. Excluded from the Settlement Class are FABT, Dental Equities, and any affiliate, subsidiary or division of FABT or Dental Equities, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the Settlement Class..

26.      **"Settlement Class Member"** means any individual or entity who is included within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

27.      **"Settlement Administration Costs"** means:  (1) all costs of providing notice to persons in the Settlement Class (including, but not limited to, costs for Fax Notice, the Settlement Website, and any additional notice that might be ordered by the Court); (2) all costs of administering the settlement, including, but not limited to, the cost of printing and mailing Cash Awards, Claim Forms, the cost of maintaining a designated post office box for receiving Claim Forms, the costs of maintaining a webpage to process Claim Forms, the costs (including anticipated or projected costs) of administering the settlement through completion, including the distribution of *Cy Pres* funds, if any; and/or (3) the fees, expenses and all other costs of the Claims Administrator.

28.      **"Settlement Website"** means the website that the Claims Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the commencement of any Class Notice, as a means for persons in the Settlement Class to obtain notice of and information about the settlement, through and including hyperlinked access to this

Settlement Agreement, the full length form of notice (the "Website Notice," which will be subject to approval by the Court, substantially in the form attached hereto as **Exhibit E** or in such other form as may be ordered by the Court), Claim Form, the Preliminary Approval Order and such other documents as Class Counsel and FABT's Counsel agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until the date the Court issues its order following the Final Approval Hearing. The URL of the Settlement Website shall be mutually agreed upon by Class Counsel and FABT's Counsel. The Settlement Website shall not include any advertising, and shall not bear or include the FABT logo or trademarks. Ownership of the Settlement Website URL shall be transferred to FABT within ten (10) days of the date on which operation of the Settlement Website ceases.

## III.   TERMS OF SETTLEMENT

   A.   **Preliminary Certification Of Settlement Class.**   FABT disputes that a litigation class would be manageable and further denies that a litigation class properly could be certified in the Action. Solely for purposes of avoiding the expense and inconvenience of further litigation, FABT does not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class shall not be deemed an admission that certification of a litigation class is appropriate or feasible, nor shall FABT be precluded from challenging class certification in any further proceedings in the Action or in any other action if the settlement is not finalized or finally approved. If the settlement set forth in this Settlement Agreement is not finally approved by the Court for any reason, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted by Plaintiff or any putative class member in any litigated certification proceedings in the Action or any other action. No agreements made by or entered into by FABT in connection with the settlement set

9

forth in this Settlement Agreement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other action.

**B.**     If the settlement set forth in this Settlement Agreement is not presented for approval, is not finalized for any reason, or does not become effective for any reason, the parties shall be returned to their respective provisions at the date of the signing of this Settlement Agreement and this Settlement Agreement shall be of no force or effect. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if no settlement had occurred.  In addition, should this Settlement Agreement not be approved, finalized, or not become effective for any reason, including FABT's right to terminate the Settlement Agreement pursuant to Sections III.R-T, below, and regardless of fault, all monies paid by FABT pursuant to Section III.C., but not yet spent or contractually obligated as payment for Notice, shall be refunded along with any and all accrued interest to FABT within fifteen (15) days of the event that prevents or precludes the Settlement Agreement from becoming effective.

**C.**     **Settlement Consideration.**  Pursuant to this Settlement Agreement, as full and complete consideration for the settlement, (1) FABT agrees to provide a Settlement Fund in the amount of One Million Five Hundred Twenty Five Thousand Dollars ($1,525,000.00) for the purpose of making payments with respect to all Settlement Class Members under this Settlement Agreement, all Settlement Administration Costs, any incentive award to the Class Representative, and any Fee Award to Class Counsel; and (2) FABT agrees to enter into a permanent injunction against sending any fax (either directly or by authorizing another entity to

do so) advertising the availability of "Doctors Club" credit cards without prior express consent and without including the opt-out notice required by law.. FABT will fund the Settlement Fund as follows: (1) within fifteen (15) days following the Court's entry of the Preliminary Approval Order, FABT will transfer $170,000 to the Claims Administrator (via wire transfer instructions provided by the Claims Administrator to FABT); (2) within fifteen (15) business days following the Effective Date FABT will transfer the remaining Settlement Amount to the Claims Administrator. The Claims Administrator will hold those amounts in escrow (or such other restricted access account to which the parties may agree) until such a time as the Claims Administrator is authorized in writing by FABT Counsel and Class Counsel to use or pay those funds, including any authorized notice costs and other costs of administration, pursuant to the Settlement Agreement, Preliminary Approval Order, or the Final Approval Order and Judgment or as otherwise ordered by the Court.  FABT shall not, under any circumstances, be obligated to pay any amounts in addition to the Settlement Fund amount in connection with this settlement. Also, except as otherwise provided herein, including in Section III.B., no portion of the Settlement Fund shall revert to FABT.

**D.**     **Payments From the Settlement Fund.** All Cash Awards, Fee Awards, Settlement Administration Costs and any *Cy Pres* Distribution shall be paid out of the Settlement Fund. The Settlement Fund shall first be reduced by the Settlement Administration Costs, Fee Award, and Incentive Award prior to making any Cash Awards to Eligible Settlement Class Members pursuant to Section III.E.

**E.**     **Claims For Cash Awards**.

1.     Cash Awards.  Cash Awards shall be made to Eligible Settlement Class Members on a claims-made basis only.

11

2.      Conditions For Filing a Claim for a Cash Award.  To make a claim for a Cash Award, a Settlement Class Member must submit to the Claims Administrator a fully-executed and timely Claim Form.  The Claim Form may be submitted to the Claims Administrator by mail, facsimile transmission to a designated facsimile phone number or via the Settlement Website.  The Settlement Claims Administrator will have no obligation to honor any Claim Form or information not submitted by mail, facsimile transmission to the designated facsimile phone number, or via the Settlement Website.

To be considered fully-executed, the Claim Form must contain all of the information set forth in **Exhibit A** hereto, including: (i) the Settlement Class Member's full name; (ii) confirmation under penalty of perjury that, on or after January 15, 2012 through January 15, 2016, the Settlement Class Member was sent one or more of the facsimile transmissions described in the class definition; (iii) for mailed and faxed Claim Forms, the Settlement Class Member's signature; and (iv) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature. Only one Claim Form will be honored per Settlement Class Member, regardless of the number of faxes directed to the Settlement Class Member, or the number of facsimile phone numbers to which the Settlement Class Member received a facsimile transmission.

3.      Time To Submit A Claim For A Cash Award.  In order to be deemed timely, Claim Forms and all required information must be submitted via the Settlement Website, or by mail or fax by the last date of the Claim Period, which will be specified in the Claim Form. The Claims Administrator will have no obligation to honor and is prohibited from honoring any Claim Form or information submitted via the Settlement Website or by mail or fax after the end of the Claim Period, even if such Claim Form or information otherwise would be otherwise

valid.  If a Settlement Class Member timely submits a Claim Form or information, but fails to fully and accurately complete the Claims Form or otherwise provide the necessary information set forth in Section III.E.2, above, the Claim Form will be deemed invalid and rejected.  The Claims Administrator will send the Settlement Class Member notice of the defect in the Claim Form or information.  The Settlement Class Member shall be permitted to re-submit a new Claim Form or provide additional information but, to be valid, the new Claim Form and information must be completed fully and accurately and submitted to the Claims Administrator via the Settlement Website, or by mail or fax on or before the last date of the Claim Period.  The Claim Period may be extended only by order of the Court.

      4.     Calculation of Cash Awards.  Each Eligible Settlement Class Member may be entitled to receive a Cash Award.  The amount of the Cash Award shall be determined by dividing the amount of the Settlement Fund remaining following payment of all Settlement Administration Costs, Fee Award, and Incentive Award ("Net Settlement Proceeds") by the number of Eligible Settlement Class Members. Eligible Settlement Class Members shall be paid a *pro rata* share of the Net Settlement Proceeds.

      5.     Distribution of Cash Awards.  As soon as practicable but no later than sixty (60) days following the Effective Date, Cash Awards shall be mailed by the Claims Administrator to Eligible Settlement Class Members. The Claims Administrator shall mail, by first class mail, a check to each Eligible Settlement Class Member.  No skip tracing or re-mailing of returned mail will be required.  Checks will be valid for ninety (90) days from the date on the check.  The amounts of any checks that remain uncashed more than ninety (90) days after the date on the check will be reissued to Eligible Class Members, if practical, or paid as *Cy Pres* Distribution pursuant to Section III.F.

F.    *Cy Pres.*

1.    *Cy Pres* Distribution.  If Fifty Thousand Dollars ($50,000.00) or less remains in the Settlement Fund after payment of the Settlement Administration Costs, Fee Award, Incentive Award and payment of Cash Awards to Eligible Settlement Class Members, including any amounts resulting from checks that remain uncashed more than ninety (90) days after the date on the check, such remaining amount in the Settlement Fund will comprise the *Cy Pres* Distribution. If Fifty Thousand One Dollars ($50,001.00) or more remains in the Settlement Fund after payment of the Settlement Administration Costs, Fee Awards, Incentive Awards and payment of Cash Awards to Eligible Settlement Class Members, the remaining amount shall be distributed on a *pro-rata* basis to each Eligible Settlement Class Member who negotiated the initial Cash Award, if doing so is administratively feasible (i.e., Settlement Class Members would each receive a check in the minimum amount of Ten Dollars ($10.00), after the costs of administration). Any remaining money left in the Settlement Fund following this reissue, if any, including funds from uncashed checks, shall be paid out as a *Cy-Pres* distribution.

2.    Timing and Selection Procedures.  The *Cy Pres* Distribution, if any, shall be made no later than three hundred sixty-five (365) days following the Effective Date.  Plaintiff and FABT agree that the recipient of the *Cy Pres* Distribution shall be The National Lawyers Committee for Civil Rights, subject to Court approval in the Court's sole discretion.

G.    **Incentive Award**  In lieu of any payment to which it may be entitled as a Settlement Class Member, and in recognition of its efforts on behalf of the Settlement Class, the Class Representative shall be awarded an incentive award in an amount to be determined by the Court in its sole discretion. Class Counsel intends to request that the Class Representative be awarded Ten Thousand Dollars ($10,000.00). Plaintiff agrees to accept and will not oppose or

appeal an award of a lesser amount by the Court. Any incentive award approved by the Court shall be paid out of the Settlement Fund within five (5) days following the Effective Date. Court approval of the incentive award, or its amount, will not be a condition of the settlement. In addition, no interest will accrue on such amounts at any time. FABT and/or its counsel agree not to take any position with respect to the payments described in this paragraph.

 **H.** **Attorneys' Fees And Costs.** Plaintiff shall move the Court for an award of attorneys' fees and costs. Subject to the Court's approval, FABT agrees that the Settlement Fund shall be used to pay the Fee Award to Class Counsel. Class Counsel shall apply, subject to the approval of the Court, for a fee of up to thirty percent (30%) of the Settlement Fund, not to exceed Four Hundred Fifty-Seven Thousand Five Hundred Dollars ($457,500.00). Court approval of attorneys' fees and costs will not be a condition of the settlement. In addition, no interest will accrue on such amounts at any time. FABT and/or its counsel agree not to take any position with respect to the award described in this paragraph.

 **I.** **Preliminary Approval.** Promptly following execution of this Settlement Agreement, Plaintiff will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (1) preliminarily approve the settlement reflected herein as fair, adequate and reasonable, and within the reasonable range of possible final approval; (2) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class and Plaintiff as Class Representative; (3) approve the form of Class Notice and find that the notice program set forth herein constitutes the best notice reasonable and practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) establish a procedure for Settlement Class Members to object to the settlement

or exclude themselves from the Settlement Class, and set a date following entry of the Preliminary Approval Order, after which no one shall be allowed to object to the settlement or opt-out/exclude himself or herself from the Settlement Class or seek to intervene in the Action; (5) approve the Claim Form and the claims submission process described herein; (6) pending final determination of whether the settlement should be approved, bar all persons in the Settlement Class, directly, on a representative basis or in any other capacity from commencing or prosecuting against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (7) authorize the Parties, without further approval from the Court, to agree to and adopt such conforming amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Settlement Agreement) so long as they are consistent in all material respects with the terms of the Final Approval Order and Judgment; (8) pending final determination of whether the settlement should be approved, stay all proceedings in the Action, except those related to the effectuation of the settlement; and (9) schedule a Final Approval Hearing no earlier than one hundred (100) days after entry of the Preliminary Approval Order, or such other time as the Court shall set.

J.       **Class Notice.**

1.       Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice to be disseminated to putative Settlement Class Members. Such Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan, the costs of which shall be deemed part of the Settlement Administration Costs, and which shall be paid from the Settlement Fund.

2.      Timing of Class Notice. To facilitate the notice and claims administration process FABT shall by no later than five (5) business days following Preliminary Approval, provide to the Claims Administrator, in an electronically searchable and readable format, all information in its possession concerning the last known facsimile telephone number for all known or potential Class Members. Notice shall be provided to the Settlement Class within thirty (30) days following delivery of the aforementioned data to the Claims Administrator.

3.      Notice Plan. The Notice Plan includes:

a.      *Fax Notice*. Subject to approval by the Court, within thirty (30) days following entry of the Preliminary Approval Order the Claims Administrator will provide Fax Notice in the form attached hereto as **Exhibit B,** including Exhibits 1 and 2 thereto, to persons in the Settlement Class, to the extent their current facsimile number can be determined.

b.      *Settlement Website*. Within thirty (30) days following entry of the Preliminary Approval Order, the Claims Administrator will establish and maintain the Settlement Website. The Settlement Website shall contain a link to the Website Notice and provide for online submission of Claim Forms. The Settlement Website will become active after entry of the Preliminary Approval Order and shall remain active at least until the date of the Final Approval Hearing.

4.      Payment of Class Notice.   All costs for Class Notice are Settlement Administration Costs and shall be paid from the Settlement Fund. FABT will not be entitled to a refund of any costs paid for Class Notice.

5.      CAFA Notice. The Claims Administrator, with approval by the Parties, shall be responsible for compliance with the applicable provisions of the Class Action Fairness Act ("CAFA"), including the notice requirements in 28 U.S.C. § 1715.

17

**K.**     **Exclusion From Settlement.**

1.     <u>Deadline.</u>  Persons in the Settlement Class may opt-out/exclude themselves from this settlement by submitting a written request containing all of the information described in Paragraph 2 of this Section III.K, below, to the Claims Administrator by mail, fax or via the Settlement Website.  To be valid, opt-out requests must contain all of the information described below and be sent to the Claims Administrator not later than forty-five (45) days following the date of dissemination of the Class Notice.

2.     <u>Exclusion Requests.</u>  Exclusion requests must:  (a) be signed (if sent by mail or fax) or electronically signed (if submitted via the Settlement Website); (b) include the full name, address, and facsimile telephone of the person(s) requesting exclusion; and (c) include the following statement:  "I/we request to be excluded from the class settlement in <u>Davis Neurology, PA v. Dental Equities, LLC</u>., Case No. 4:16-CV-00371."  No exclusion request will be valid unless all of the information described above is included.  A request to be excluded that is sent by means other than that designated in the notice, or that is not timely received by the Claims Administrator, shall be invalid.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person in the Settlement Class from the Settlement Class. So called "mass" or "class" opt-outs shall not be allowed. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

3.     <u>Delivery To Court.</u>  The Claims Administrator will retain a copy of all exclusion requests.  Not later than ten (10) days before the Final Approval Hearing, the Claims

18

Administrator shall file with the Court a declaration that lists all of the exclusion requests received.

      **L.**    **Objections To The Settlement.**

      1.    Right To Object. A Settlement Class Member may appear at the Final Approval Hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and/or the incentive awards to the Plaintiff only if the Settlement Class Member complies with the requirements set forth herein.

      2.    Deadline. In order to be heard, the Settlement Class Member must make any objection in writing and file it with the Court not later than forty-five (45) days following the date of dissemination of the Class Notice. In order to be heard, the objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (a) Class Counsel – Joe P. Leniski, Jr., Branstetter, Stranch & Jennings, PLLC, 223 Rosa Parks Avenue, Suite 200, Nashville, Tennessee 37203; and (b) FABT's Counsel – Lewis S. Wiener, Sutherland Asbill & Brennan LLP, 700 Sixth Street, NW, Suite 700, Washington D.C., 20001.

      3.    Content of Objection. For an objection to be considered by the Court, the objection must set forth: (1) the name and case number of the Action; (2) the objector's full name, address and facsimile telephone number; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (5) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (6) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a

statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature (an attorney's signature is not sufficient).

**M.**     **Final Approval.**  Following the provision of Class Notice and expiration of the time for submission of Claim Forms, exclusions and objections, Plaintiff shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that: (1) finally approve the settlement as fair, reasonable and adequate and in the best interests of the Settlement Class; (2) find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement Agreement, including all exhibits hereto; (3) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement; (5) approve the Claim Form; (6) finally certify the Settlement Class; (7) confirm that the Releasing Parties have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties; and (8) dismiss the Action (including, without limitation all individual claims, Settlement Class Member claims and Released Claims asserted therein against the Released Parties) with prejudice, subject to the Court retaining jurisdiction over the enforcement of the terms of this Agreement; and (9) incorporate any other provision, as the Court deems necessary and just.

**N.**     **Administration of The Settlement.**  Subject to Court approval, the settlement administration process, including provision of Class Notice and calculation and distribution of Cash Awards, will be conducted by the Claims Administrator.  FABT will reasonably cooperate

in the Class Notice and administration process by providing the Claims Administrator, with all information in its possession concerning the names and/or facsimile telephone numbers of persons in the Settlement Class to the extent required to administer the settlement. The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Claims Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, including but not limited to a summary of work performed by the Claims Administrator, including an accounting of all amounts paid from the Settlement Fund to Settlement Class Members. Such records will be provided to Class Counsel and FABT Counsel and to the Court along with the motion for Final Approval and Judgment. Without limiting the foregoing, the Claims Administrator shall receive objections and exclusion forms and in such event shall promptly provide to Class Counsel and FABT Counsel copies thereof. In the exercise of its duties outlined in this Agreement, the Claims Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

      **O.**    **Releases.**  The Releases set forth in this Paragraph shall become effective on the Effective Date:

> Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any authorized users of their facsimile machines fully release and forever discharge FABT and Dental Equities, and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, insurers, independent contractors, successors, predecessors-in-interest, and all of their respective prior, current and future officers, directors, employees, attorneys, shareholders, agents, independent contractors, assigns and anyone working on their behalf (collectively, the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or

21

declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order: (a) that arise out of or are related in any way to the sending of facsimile transmissions to a facsimile telephone number (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law, and expressly including voice and text messages) by or on behalf of any of the Released Parties including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the sending of facsimile transmissions to a facsimile telephone number, including any claim under or for violation of federal or state unfair and deceptive practices statutes, invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; or (b) that arise out of or relate in any way to the administration of the settlement (collectively, the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be

true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

P.      **Stay/Bar of Other Proceedings.**  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.  Pending determination of whether the Settlement Agreement should be granted final approval, the parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.   The proposed order submitted with a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of Released Claims by persons in the Settlement Class or persons purporting to act on their behalf pending final approval of the Agreement.  The Settlement Agreement will be conditioned upon the entry of such an injunction.

Q.      **Termination of Settlement.**  Termination Notice. To the extent that the terms of Paragraph S below are not substantially fulfilled or FABT elects to exercise its rights under Paragraph T below, FABT, or the Class Representative on behalf of the Settlement Class, shall have the right to request the termination of this Settlement Agreement by filing written request to do so ("Termination Notice") with the Court and serving that Termination Notice on all other Parties hereto within ten (10) business days of any Parties' actual notice of any of the following events: (i) the Court's refusal to enter a Preliminary Approval Order; (ii) the Court's refusal to

enter a Final Approval Order and Judgment or any appellate Court refuses to uphold the Final Approval Order and Judgment in any respect; or if more than fifty (50) Settlement Class Members submit non-duplicative, timely and valid requests for exclusion from the Settlement Class.  Upon effective termination, the balance of the Settlement Fund not expended on notice and administration shall be returned to the Defendant.

      **R.**      **Conditions of Settlement, Effect of Disproval, Cancellation or Termination.**

      1.      The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

      a.      This Agreement has been signed by Plaintiff, FABT, Class Counsel and FABT Counsel;

      b.      The Court has entered the Preliminary Approval Order;

      c.      The Court has entered the Final Approval Order and Judgment, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Approval Order and Judgment, or a final approval order and judgment substantially consistent with this Agreement (the "Alternative Final Approval Order and Judgment"); and

      d.      The Final Approval Order and Judgment has been entered and the final disposition of any related appeals has occurred, or in the case of no appeals or review being filed, the date of expiration of the applicable appellate period.

      2.      If any one or all of the conditions specified in Paragraph S.1 is not met, or FABT in its sole and absolute discretion elects to set aside or rescind this Settlement Agreement pursuant to Paragraph T, herein, or in the event that this Settlement Agreement is not approved

by the Court, then this Settlement Agreement shall be canceled and terminated and be deemed null and void unless Class Counsel and FABT mutually agree in writing to proceed with the settlement on such mutually agreeable alternative agreement as approved by the Court.

3. If this Agreement is terminated or fails to become effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Settlement Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

S. **Right to Set Aside Settlement Agreement**. FABT, in its sole and absolute discretion, shall have the right, but not the obligation, to set aside or rescind this Settlement Agreement, if more than fifty (50) members of the Settlement Class submit non-duplicative, timely and valid requests for exclusion from the Settlement Class. FABT must timely exercise its right to rescind this Settlement Agreement by filing a Termination Notice as provided in Paragraph R herein.

T. **Return of Produced Documents**. It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all documents produced in the Action, whether in paper or electronic form, shall be returned to the producing party or certified by the recipient as having been destroyed.

U. **No Publicity Beyond Notice Procedures**. Neither Class Counsel nor Plaintiff will issue press releases regarding the settlement unless FABT agrees to such press releases at least five (5) business days prior to issuance, which agreement shall not be unreasonably withheld. The parties may make public statements to the Court as necessary to obtain

preliminary or final approval of the settlement. This provision shall not prohibit Class Counsel from communicating with any Settlement Class Member regarding the Action or the Settlement Agreement, or in responding to inquiries or objections raised by the Settlement Class or third-parties. This provision shall not prohibit Class Counsel from noting the fact of this settlement on their respective websites and in filings with courts in support of their appointment as class counsel in other matters. Plaintiff and Class Counsel shall refrain from disparaging any of the Released Parties or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Action or the settlement.

V.     **General Matters.**

1.     No Admission of Liability. It is expressly declared that the Released Parties deny any liability and are settling to avoid the cost, risk, uncertainty and inconvenience of litigation.

2.     Evidentiary Preclusion. Neither this Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and (d) is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or

each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiffs' or the Settlement Class' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount. In addition, neither the fact of, nor any documents relating to, FABT's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file this Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

3.    Parties Authorized To Enter Into Settlement Agreement.    The individual(s) executing this Settlement Agreement on behalf of a party represent and warrant that he or she is fully authorized to execute this Settlement Agreement on such party's behalf and to carry out the obligations provided for therein. Each person executing the Settlement Agreement on behalf of a party covenants, warrants and represents that he or she is and has been fully authorized to do so by such party. Each party represents and warrants that he, she or it intends to be bound fully by the terms of this Settlement Agreement.

4.    Time Periods.  The time periods and dates described in this Settlement Agreement with respect to the giving of Class Notice and hearings are subject to approval and modification by the Court.

5.    Fees and Costs. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

6.     Agreement Binding on Successors in Interest.     This Settlement Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the parties.

7.     Signatures.     The parties and their counsel may sign separate copies of this Settlement Agreement, which together will constitute one agreement.  In addition, signatures sent in pdf format, by email or by facsimile constitute sufficient execution of this Settlement Agreement.

8.     Execution in Counterparts.     This Settlement Agreement is effective upon its execution by all parties.  The parties may execute this Settlement Agreement in counterparts. Each counterpart shall be deemed to be an original, and the execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.

9.     Entire Agreement.     This Settlement Agreement contains the entire agreement between the parties and supersedes all prior understandings, agreements or writings regarding the subject matter hereof.  This Settlement Agreement may be amended or modified only by a written instrument signed by all parties or their successors in interest or their duly authorized representatives.

W.     **Miscellaneous Provisions.**

1.     Each and every Exhibit to this Settlement Agreement is incorporated herein by this reference as though fully set forth herein.

2.     Unless the context of this Settlement Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation."  The words "hereof," "herein," "hereby," "hereunder," and other similar terms of this Settlement Agreement refer to this Settlement Agreement as a whole

and not exclusively to any particular provision hereof. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

3.      The waiver by one party of any breach hereof by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Settlement Agreement.

4.      Each party hereto warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party.

5.      This Settlement Agreement has been carefully read by each of the parties, or their responsible officers thereof, and its contents are known and understood by each of the parties. This Settlement Agreement is signed freely by each party executing it.

6.      No party to this Settlement Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands or cause or causes of action disposed hereby.

7.      In the event any one or more of the provisions contained herein shall for any reason be held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

8.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied herein.

9.     This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class:**

By: _____     Date: _10/7/16_
Authorized Representative
Davis Neurology, P.A.
Class Representative

_Joe P. Leniski Jr._  Date: __10 / 7 / 16__
Joe P. Leniski, Jr.
BRANSTETTER, STRANCH & JENNINGS

**For Defendant FIRST ARKANSAS BANK & TRUST**

By: _LEWIS S. WIENER ATTORNEY-_ Date: 10/7/2016
　Authorized Representative　　_IN-FACT_
　First Arkansas Bank & Trust

　　　　　　　　　　　　　　　　　　　Date: 10/7/2016
　Lewis S. Wiener
　Sutherland Asbill & Brennan LLP

31

# Exhibit A

**DAVIS NEUROLOGY, P.A.  *v.* FIRST ARKANSAS BANK & TRUST, *ET. AL.***
**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**
**CASE NO. 4:16CV00371 BSM**

**Settlement Administrator [address]**                 **Toll Free Number: x-xxx-xxx-xxx**
                                                                         **Website:                    .com**

### CLAIM FORM BY MAIL OR FACSIMILE

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST**
**PROVIDE <u>ALL</u> OF THE INFORMATION BELOW AND**
**YOU MUST <u>SIGN</u> THIS CLAIM FORM.**

**YOUR CLAIM FORM MUST BE SUBMITTED BY _____, 2016.**

**1.   <u>CLAIMANT INFORMATION:</u>**

_____

FIRST NAME              MIDDLE NAME or INITIAL              LAST NAME

_____

ADDRESS 1

_____

ADDRESS

_____

CITY                                              STATE      ZIP

**2.   <u>AFFIRMATION:</u>**

By signing below, I declare, under penalty of perjury, that, on or after January 15, 2012, I received a facsimile transmission advertising the commercial availability or quality of property, goods, or services related to "Doctors Club" credit cards.  I also declare that I am not a current for former employee of First Arkansas Bank & Trust or Dental Equities, LLC, or any affiliate,  subsidiary or division of First Arkansas Bank & Trust or Dental Equities, LLC.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT [Internet URL] OR CALL [_____].**

**DAVIS NEUROLOGY, P.A.  *v.* FIRST ARKANSAS BANK & TRUST, *ET. AL.*
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION
CASE NO. 4:16CV00371 BSM**

Settlement Administrator [Address]

<u>**ELECTRONIC CLAIM FORM**</u>

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE <u>ALL</u> OF THE INFORMATION BELOW AND YOU MUST ELECTRONICALLY <u>SIGN</u> THIS CLAIM FORM.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> _____, 2016.**

**1.** <u>**CLAIMANT INFORMATION:**</u>

_____

FIRST NAME                    MIDDLE NAME or INITIAL                    LAST NAME

_____

ADDRESS 1

_____

ADDRESS

_____

CITY                                                                            STATE          ZIP

**2.** <u>**AFFIRMATION:**</u>

By signing below, I declare, under penalty of perjury, that, on or after January 15, 2012, I received a facsimile transmission advertising the commercial availability or quality of property, goods, or services related to "Doctors Club" credit cards.  I also declare that I am not a current for former employee of First Arkansas Bank & Trust or Dental Equities, LLC, or any affiliate,  subsidiary or division of First Arkansas Bank & Trust or Dental Equities, LLC.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT [Internet URL] OR CALL [_____].**

# **EXHIBIT B**

## LEGAL NOTICE

**If you received a facsimile regarding a "Doctors Club" Credit Card on or after January 15, 2012, a class action lawsuit may affect your rights.**

Records indicate that you may be a member of a class in the action styled *Davis Neurology, P.A. v. First Arkansas Bank & Trust, et. al*., United States District Court for the Eastern District of Arkansas, Western Division, Case No. 4:16CV00371 BSM, which has been settled subject to court approval. The purpose of this Notice is to inform Settlement Class Members of the terms of the proposed settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website at www._____.com.

**WHAT IS THE LAWSUIT ABOUT?** Plaintiff alleges that FIRST ARKANSAS BANK & TRUST ("Defendant") and others violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., by sending facsimile transmissions (exemplars of which are attached to this Notice as Exhibits 1 and 2), either themselves or through a third party entity, on or after January 15, 2012, advertising the commercial availability or quality of property, goods, or services related to "Doctors Club" credit cards. Defendant denies all liability and wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiffs' claims or Defendant's defenses.

**WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?** Defendant has agreed to pay $1,525,000.00 into a Settlement Fund, from which, subject to court approval, payments to Settlement Class Members, Settlement Administration Costs, an incentive award to the Class Representative and Class Counsel's Fee and Cost Request ("Fee Request") will be paid. Further, Defendant has agreed to refrain from sending unsolicited faxes advertising "Doctors Club" credit cards.

**WHO REPRESENTS YOU?** Branstetter, Stranch & Jennings, PLLC and Streett Law Firm, P.A. represent you as "Class Counsel." You do not have to pay any money to Class Counsel directly. However, Class Counsel is requesting attorneys' fees and costs of up to 30% of the settlement amount that will be paid from the Settlement Fund. Class Counsel's Fee Request and documents in support of the Fee Request will be available for viewing on the Settlement Website by [DATE].

**WHAT ARE YOUR RIGHTS AND OPTIONS?** You can do nothing and stay in the Class, or you can exclude yourself from the Class as set forth below. You may also file an objection and appear at the final approval hearing.

- **In order to receive benefits under the proposed settlement, you must submit a fully executed Claim Form by no later than [DATE XX, 2016].** The Claim Form will be faxed to you or may be accessed on the Settlement Website, _____. The Claims Form may be submitted to the Class Administrator by mail, facsimile transmission or electronically through the settlement website. Please see the settlement website for additional details concerning how to submit a claim form.
- **To exclude yourself from the settlement, submit a written exclusion either by mail, fax or through the Settlement Website on or before [DATE]**. To be valid, the written exclusion request must contain specific information that is described on the Settlement website, at [Website URL] and in the Settlement Agreement also available on the settlement website at [Website URL]. If you do not submit a fully executed and timely exclusion request, you will be bound by the terms of the proposed settlement and you will give up your right to sue The Released Parties (as that term is defined in the Settlement Agreement), including Defendant in your individual capacity concerning the legal claims in this case.
- **To object to the proposed settlement or the Fee Request, you must file an objection with the Court and send the objection to counsel postmarked by [DATE XX, 2016]** at the addresses listed on the Settlement Website, [addresses]. Anyone who files a timely objection to the proposed settlement may ask to appear at the final approval hearing. If your objection is valid and timely, the Court may consider it whether or not you appear.
- **If you do not file a claim**, you will not receive any monetary award and you will lose the right to sue The Released Parties (as that term is defined in the Settlement Agreement), including Defendant in your individual capacity regarding the legal claims in this case.

**The Final Approval Hearing will take place on [DATE] at [TIME] at [PLACE].**

**WANT MORE INFORMATION?** Complete details about your rights and options are available on the Settlement Website, www._____.com. Do not call the Court.



# Doctors**Club**®

As your colleagues, we want to wish you a *Happy Holiday*
and to inform you that the Doctors Club is finally here!



Doctors Club is about empowering the healthcare community without borders in a 3 pronged
approach: Administration, Academics, and Finance. One of the benefits of Doctors Club
is its member identification credit card exclusively created for Healthcare Providers.
The prestigious credit card is attached to a unique world of unprecedented discounts
and benefits catering to our personal and business needs.

Be the first to *Pre-Order* the Exclusive Doctors Club World Elite MasterCard!

### Your New Card Includes:

» Access discounts and perks for your business and
  personal use with over 5,000 vendors and hundreds of
  thousands of offers

» Travel and vacation deals to more than 200 countries with
  over 100,000 hotel choices

» Local, Regional, National and Universal Privileges

### Also, Enjoy the Additional MasterCard Benefits:

» Robust Reward Program
  with options for Cashback
  and Points redeemable for
  merchandise, gift cards,
  and travel*
» World Elite Concierge
  Services**
» Emergency Card
  Replacement

» MasterCard Identity Theft
  Resolution
» Master Rental Coverage
» Chauffeured Car Service**
» Lost and Delayed
  Baggage Insurance
» Purchase Protections
» Extended Warrantee
» Luxury Travel Program**

*Redemption of points for travel are subject to a ticketing fee of $31/
online or $36/phone
**Additional terms and conditions apply  Services provide are subject
to third party fees

## The Only Credit Card that was Designed **BY DOCTORS FOR DOCTORS.**

### *It Pays to Unite!*

For more information and complete terms and conditions
or to APPLY, visit **TheDrClub.com** today!



EXHIBIT
A

# Doctors**Club**®

As your colleagues, we want to wish you a *Happy Holiday*
and to inform you that the Doctors Club is finally here!



Doctors Club is about empowering the healthcare community without borders in a 3 pronged
approach: Administration, Academics, and Finance. One of the benefits of Doctors Club
is its member identification credit card exclusively created for Healthcare Providers.
The prestigious credit card is attached to a unique world of unprecedented discounts
and benefits catering to our personal and business needs.

Be the first to **Pre-Order** the Exclusive Doctors Club World Elite MasterCard!

### Your New Card Includes:

» Access discounts and perks for your business and personal use with over 5,000 vendors and hundreds of thousands of offers

» Travel and vacation deals to more than 200 countries with over 100,000 hotel choices

» Local, Regional, National and Universal Privileges

### Also, Enjoy the Additional MasterCard Benefits:

» Robust Reward Program with options for Cashback and Points redeemable for merchandise, gift cards, and travel*
» World Elite Concierge Services**
» Emergency Card Replacement

» MasterCard Identity Theft Resolution
» Master Rental Coverage
» Chauffeured Car Service**
» Lost and Delayed Baggage Insurance
» Purchase Protections
» Extended Warrantee
» Luxury Travel Program**

*Redemption of points for travel are subject to a ticketing fee of $31/online or $36/phone
**Additional terms and conditions apply. Services provide are subject to third party fees.

## The Only Credit Card that was Designed BY DOCTORS FOR DOCTORS.

### It Pays to Unite!

For more information and complete terms and conditions
or to APPLY, visit **TheDrClub.com** today!

Recipient may Opt Out of any future faxes by emailing a request to OptOut@TheDrClub.com or by calling 949.202.1777

# <u>EXHIBIT C</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **DAVIS NEUROLOGY, P.A.  on** | ) | |
| **behalf of itself and all other entities and** | ) | |
| **persons similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO. 4:16-cv-00371-BSM** |
| | ) | **JURY DEMAND** |
| **vs.** | ) | |
| | ) | |
| **DENTAL EQUITIES, LLC d/b/a** | ) | |
| **PEER UNITED, FIRST ARKANSAS BANK** | ) | |
| **& TRUST,** | ) | |
| **And JOHN DOES 1-10, Intending to refer** | ) | |
| **To those persons, corporations or other legal** | ) | |
| **Entities that acted as agents, consultants,** | ) | |
| **Independent contractors or representatives** | ) | |
| | ) | |
| **Defendants.** | ) | |

## [PROPOSED] FINAL ORDER OF DISMISSAL

The Court having held a final approval hearing on _____, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1. The Settlement Agreement dated October __, 2016, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. __) are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All persons within the United States who on or after four years prior to the filing of this Action, were successfully sent a facsimile transmission advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants related to "Doctors Club" credit cards. Excluded from the Settlement Class are Defendants First Arkansas Bank & Trust ("FABT"), Dental Equities, LLC, and any affiliate,  subsidiary or division of FABT or Dental Equities, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the Settlement Class..

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between the parties facilitated by a third-party neutral mediator.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Approval Order.

6. The Court hereby fully and finally approves the Settlement Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

7. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

8. On final approval of this settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Approval Order), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

9. Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

10. The Settlement Agreement (including, without limitation, its Exhibits), and any and all negotiations, documents and discussions associated with it, including, but not limited to, confirmatory discovery, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by FABT, or of the truth of any of the claims asserted in the Action, and

evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order and/or this Final Approval Order.

11. If for any reason the Settlement Agreement is terminated or the Effective Date does not occur, the Settlement Agreement and all proceedings in connection with the Agreement shall be without prejudice to the right of the Released Parties, including FABT or Plaintiffs to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties shall return to the *status quo ante* in the Action and the certification of the Settlement Class shall be deemed vacated and shall be of no further force and effect. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent litigation of class certification in this Action or any other action or proceeding. In addition, in such an event, the Settlement Amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to FABT with all applicable interest.

12. In the event that any provision of the Settlement Agreement or this Final Approval Order is asserted by the Released Parties, including FABT as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely

for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

13. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

14. The Court approves Class Counsel's application for _____, in attorneys' fees, reimbursement of expenses incurred in the prosecution of the case in the amount of $_____ and incentive awards for Representative Plaintiff in the amount of $_____.

**IT IS SO ORDERED.**

Dated: _____        _____
                                            Hon. Brian S. Miller
                                            United States District Court Judge

# **EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **DAVIS NEUROLOGY, P.A.  on** | ) | |
| **behalf of itself and all other entities and** | ) | |
| **persons similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO. 4:16-cv-00371-BSM** |
| | ) | **JURY DEMAND** |
| **vs.** | ) | |
| | ) | |
| **DENTAL EQUITIES, LLC d/b/a** | ) | |
| **PEER UNITED, FIRST ARKANSAS BANK** | ) | |
| **& TRUST,** | ) | |
| **And JOHN DOES 1-10, Intending to refer** | ) | |
| **To those persons, corporations or other legal** | ) | |
| **Entities that acted as agents, consultants,** | ) | |
| **Independent contractors or representatives** | ) | |
| | ) | |
| **Defendants.** | ) | |

**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Davis Neurology, P.A. v. Dental Equities, LLC d/b/a Peer United and d/b/a Peer Equities, LLC, et al.</u>, United States District Court for the Eastern District of Arkansas, Case No. 4:16-cv-00371-BSM (the "Action"). The Action was brought by plaintiffs Davis Neurology, P.A. ("Class Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated against defendants Dental Equities LLC d/b/a Peer United ("Dental Equities") First Arkansas Bank & Trust ("FABT"), and John Does 1-10 (together, "Defendants" and, together with Class Plaintiffs, the "Parties"). Based on this Court's review of the Parties' October 7, 2016 Settlement Agreement (the "Settlement Agreement"), Class Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel.

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS BASED ON GOOD CAUSE SHOWN:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Settlement Agreement resolves all claims alleged in the Class Action Complaint filed in the Circuit Court of Pope County, Arkansas on January 15, 2016, and as amended on May 13, 2016.[1]  *See* ECF No. 2, 4.

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the proposed settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (a) the proposed Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case aided by an experienced and neutral third-party mediator; and (c) with respect to the forms of notice of the material terms of the Settlement Agreement to person in the Settlement Class for their consideration and reaction (**<u>Exhibits B and E</u>** to the Settlement Agreement), that notice is appropriate and reasonable. Therefore, the Court grants preliminary approval of the Settlement, as follows:

---

[1] The case was removed from the Circuit Court on June 14, 2016.  *See* ECF. No. 1.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons within the United States who on or after four years prior to the filing of this Action, were successfully sent a facsimile transmission advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants related to "Doctors Club" credit cards.

> Excluded from the Settlement Class are FABT and Dental Equities, and any affiliate, subsidiary or division of FABT or Dental Equities, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the Settlement Class..

6. In connection with this preliminary certification, the Court makes the following preliminary findings:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Class Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

(d) The Class Representative appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the

Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representatives</u>. The Court appoints Class Plaintiff to act as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints the following as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure:

Joe P. Leniski, Jr.
BRANSTETTER, STRANCH & JENNINGS
223 Rosa Parks Av, Ste. 220
Nashville, TN  37203

James A.  Streett
STREETT LAW FIRM.
107 W. Main Street
Russellville, AR 72801

9. <u>Final Approval Hearing</u>. At _____ a.m. on _____, in Courtroom 2D, United States Courthouse, 500 West Capitol Avenue, Little Rock, AR 72201, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the settlement embodied by the Settlement Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Plaintiffs should be granted, and in what amount. No later than thirty (30) days before the Final Approval Hearing, Class Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class

Representatives. No later than fourteen (14) days prior to the Final Approval Hearing,  Class Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than [insert date].

10. <u>Settlement Claims Administrator</u>. Garden City Group, Inc. is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using facsimile) and through publication via establishment of a Settlement Website, as more fully described in Plaintiffs' Motion ("Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____("Settlement Notice Date").

12. The Claims Administrator will file with the Court by no later than _____, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13. <u>Objection and Opt-Out Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request to opt-out/exclude themselves must do so by _____, which is the first business date forty-five (45) calendar days after the Settlement Notice Date . Persons in the Settlement Class may not both object and opt-out/exclude themselves from the proposed settlement. If a person both requests to opt-out/exclude and objects, the request to opt-out/exclude will control.

14. Opt-Out/Exclusion from the Settlement Class. Persons in the Settlement Class may opt-out/exclude themselves from this settlement by submitting a written request containing all of the information described in this section, in the Settlement Agreement, and on the Class Notice to the Claims Administrator.   Such request may be made by mail, fax or via the Settlement Website.   To be valid, opt-out requests must be sent to the Claims Administrator not later than forty-five (45) days following the date of dissemination of the Class Notice.   Exclusion requests must:   (a) be signed (if sent by mail or fax) or electronically signed (if submitted via the Settlement Website); (b) include the full name, address, and facsimile telephone of the person(s) requesting exclusion; and (c) include the following statement:  "I/we request to be excluded from the class settlement in Davis Neurology, PA v. Dental Equities, LLC., Case No. 4:16-CV-00371." No exclusion request will be considered   unless all of the information described above is included. A request to be excluded that is sent by means other than that as designated in the notice, or that is not timely received by the Claims Administrator, shall be invalid.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may opt-out/exclude any other person in the Settlement Class from the Settlement Class.

15. The Claims Administrator will retain a copy of all opt-out requests. Not later than ten (10) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the opt-out requests received.

16. If a timely and valid opt-out request is made by a person(s) in the Settlement Class, then the Agreement and any determinations and judgments concerning it will not bind the excluded person(s).

17. All Settlement Class Members will be bound by all determinations and judgments concerning the Agreement.

7

18. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions in the Class Notice and file a written objection with the Court by the objection deadline. In order to be heard, the Settlement Class Member must make any objection in writing and file it with the Court not later than forty-five (45) days following the date of dissemination of the Class Notice.  In order to be heard, the objection must also be mailed to each of the following, postmarked no later than the last day to file the objection:  (a) Class Counsel – Joe P. Leniski, Jr., Branstetter, Stranch & Jennings, PLLC, 223 Rosa Parks Avenue, Suite 200, Nashville, Tennessee 37203; and (b) FABT's Counsel – Lewis S. Wiener, Sutherland Asbill & Brennan LLP, 700 Sixth Street, NW, Suite 700, Washington D.C., 20001. In the written objection, the objector must set forth: (1) the name and case number of the Action; (2) the objector's full name, address and facsimile telephone number; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (5) the identity of any counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (6) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature (an attorney's signature is not sufficient.

19. Any Settlement Class Member who fails to comply with Paragraph 18 (and as detailed in the Class Notice) will not be permitted to object to the Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Agreement by appeal or

other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20. Stay of Other Proceedings. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

21. Pending the final determination of whether the Settlement should be approved, the Class Representatives and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests to opt-out/exclude themselves from the settlement pursuant to Paragraphs 13 and 14 of this Order.

22. If the proposed settlement is not approved or consummated for any reason whatsoever, the proposed settlement and all proceedings in connection with the proposed settlement will be without prejudice to the right of the Released Parties or the Class Representatives to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated and be of no further force or effect.  Should the final determination of whether the proposed settlement should be approved be withheld or not granted for any reason, or should the Settlement Agreement not become effective for any reason, the entire Settlement Amount, including any amounts advanced from the Settlement Amount in the Escrow Account for the costs of Class Notice and settlement administration but not yet spent, shall be returned to FABT with all applicable interest. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent litigation of class certification issues.

23. No Admission of Liability. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, including, but not limited to, confirmatory discovery, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by the Released Parties, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating,

describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Order, and the Final Approval Order.

24. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary and do not materially alter the terms of the proposed settlement. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

25. Schedule of Future Events. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____<br><br>[15 calendar days after the date of this Order] | Deadline to Provide Class Notice |
| _____<br><br>[30 days before the Final Approval Hearing] | Deadline for filing of Motion for Final Approval and Class Plaintiffs' Motion for Attorneys' Fees and<br>Incentive Awards |
| _____<br><br>[45 days after the Settlement Notice Date, adjusted for the weekend] | Deadline to file objections or submit requests for opt-out/exclusion |
| _____<br><br>[14 days before the Final Approval | Deadline for Parties to File the Following:<br><br>(1) List of persons who Made Timely and Proper Requests to Opt-Out/ Exclusion; |

11

| Hearing] | (2) Proof of Class Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
|---|---|
| _____<br><br>[90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| _____<br>**At _____ a.m./p.m.** | Final Approval Hearing |

SO ORDERED.

Dated:_____       _____

                                                    Hon. Brian S. Miller<br>                                                    United States District Court Judge

# Exhibit E

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF ARKANSAS

# If you received a facsimile transmission regarding a "Doctors Club" credit card on or after January 15, 2012, you may be entitled to benefits under a proposed class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Records indicate that you may be a member of a class in the action styled *Davis Neurology, P.A. v. First Arkansas Bank & Trust, et. al*., United States District Court for the Eastern District of Arkansas, Western Division, Case No. 4:16CV00371 BSM, which has been settled, subject to court approval.  The purpose of this Notice is to inform Settlement Class Members of the terms of the proposed settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website at www._____.com.

- The proposed settlement will provide $1,525,000 (the "Settlement Fund") to fully settle and release all claims against The Released Parties (as such term is defined in the Settlement Agreement), including FIRST ARKANSAS BANK & TRUST ("Defendant" or "FABT") held by persons who, on or after January 15, 2012, were successfully sent a facsimile transmission advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants related to "Doctors Club" credit cards (exemplars of which can be found on the Settlement Website a www._____.com).   Further, Defendants has agreed to refrain from sending faxes advertising  the availability of "Doctors Club" credit cards without prior express consent or without including the opt-out notice required by law.

- Plaintiff Davis Neurology, P.A. alleges that the transmission of these faxes violated the federal Telephone Consumer Protection Act (the "TCPA"). Defendant denies Plaintiff's allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Defendant's, defenses. By entering into the settlement, Defendant has not conceded the truth or validity of any of the claims against it.

- The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class Members who submit a fully executed and timely claim, attorneys' fees and costs for Plaintiff's counsel, any incentive award for Plaintiff, and the costs of administering the settlement. If there are any amounts remaining in the Settlement Fund after the administration is concluded, that money will be redistributed to settlement class members or distributed to a charity, the National Lawyers Committee for Civil Rights, subject to Court approval.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | **In order to receive benefits under the proposed settlement, you must submit a fully executed Claim Form by no later than [DATE XX, 2016].** The Claim Form will be faxed to you or may be accessed on the Settlement Website, _____. The claims form may be submitted to the Class Administrator by mail, facsimile transmission or electronically through the settlement website. Please see the settlement website for additional details concerning how to submit a claim form. |
| OPT-OUT/EXCLUDE YOURSELF FROM THE CASE | **To opt-out/exclude yourself from the settlement, submit a written request for exclusion by mail, fax or through the Settlement Website on or before [DATE].** To be valid, the written exclusion request must contain specific information that is described on the Settlement Website, at [Website URL] and in the Settlement Agreement also available on the settlement website at [Website URL]. If you do not submit a fully executed and timely exclusion request, you will be bound by the terms of the proposed settlement and you will give up your right to sue The Released Parties, including Defendant in your individual capacity regarding the legal claims in this case. |
| OBJECT TO THE SETTLEMENT | **To object to the proposed settlement or the Fee Request, you must file an objection with the Court and send the objection to counsel postmarked by [DATE XX, 2016]** at the addresses listed on the Settlement Website, [addresses]. Anyone who files a timely objection to the proposed settlement may ask to appear at the final approval hearing, described below. If your objection is valid and submitted timely, the Court may consider it whether or not you appear at the hearing. |
| IF YOU DO NOT FILE A CLAIM | **If you do not file a claim**, you will not receive any monetary award and you will lose the right to sue The Released Parties, including Defendant in your individual capacity regarding the legal claims in this case. |

- This Notice explains these rights and options, and the deadlines to exercise them.
- The Court in charge of this case still has to decide whether to approve the proposed settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

# BASIC INFORMATION

## 1.  Why is this a class action?

This lawsuit is styled *Davis Neurology, P.A. v. First Arkansas Bank & Trust, et. al*., United States District Court for the Eastern District of Arkansas, Western Division, Case No. 4:16CV00371 BSM. The Honorable Federal District Court Judge Brian Miller is in charge of this action. It is brought as a class action by the Plaintiff, the class representative, who has sued on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the proposed class. Here, the Court has preliminarily certified a class action for settlement purposes only.

## 2.  Why is there a settlement?

Plaintiff claims that the Defendant and others violated the TCPA by sending facsimile transmissions advertising the availability of "Doctors Club" credit cards. Defendant denies these allegations and denies any claim of wrongdoing. The Court did not decide in favor of Plaintiff or Defendant or any of the other named defendants. Instead, Plaintiff and Defendant agreed to this settlement to avoid the risk and cost of a trial, and so that the settlement class members will receive compensation.  By entering into the settlement, Defendant has not conceded the truth or validity of any of the claims against them. Plaintiff and its attorneys ("Class Counsel") think the settlement is best for all persons in the proposed settlement class.

# WHO IS IN THE SETTLEMENT CLASS?

## 3.  How do I know if I am a part of the Settlement Class?

The Court has certified a class action for settlement purposes only. The class (the "Settlement Class") is defined as:

> All persons within the United States who on or after four years prior to the filing of this Action, were successfully sent a facsimile transmission advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants related to "Doctors Club" credit cards

Excluded from the Settlement Class are FABT and Dental Equities, and any affiliate, subsidiary or division of FABT or Dental Equities, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the Settlement Class.  "Settlement Class Member" is defined as any person in the Settlement Class who does not submit a timely request for exclusion from the settlement. If you are still not sure whether you are included in the class, you can visit www._____.com, o r you may write the Claims Administrator at_____ for more information.

# THE LAWYERS REPRESENTING YOU

### 4.  Do I have lawyers in this case?

The Court has appointed the law firms of BRANSTETTER, STRANCH &JENNINGS, PLLC, and the STREETT LAW FIRM, P.A., to represent you and the other Settlement Class Members as Class Counsel. You will not be personally charged by these lawyers.

### 5.  How will Class Counsel be paid?

Class Counsel will ask the Court to approve payment of up to 30% of the Settlement Fund for attorneys' fees and for reimbursement of their expenses. Class Counsel also will ask the Court to approve payment of up to $10,000 to Davis Neurology, P.A. for its services as Class Representative. The Court may award less than these amounts.

# THE SETTLEMENT BENEFITS

### 6.  What does the settlement provide?

Settlement Class Members may receive a cash payment by submitting a fully executed and timely claim form.  Further, under the Settlement, Defendant has agreed to refrain from sending faxes advertising "Doctors Club" credit cards without prior express permission or without the opt-out notice required by law.

### 7.  How much will my payment be?

Your pro-rata share of the Settlement Fund will depend on the number of valid claims that are received from Settlement Class Members. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $___ to $____.

### 8.  What am I giving up to stay in the Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class, and you will be bound by the Released Claims in the Settlement. This means that, if the settlement is approved, you cannot sue, continue to sue or be part of any other lawsuit against any of the Released Parties (as that term is defined in the Settlement Agreement), including Defendant or Dental Equities, LLC ("Dental Equities"), related to the claims in this litigation. It also means that all of the Court's orders will apply to you and will legally bind you. If you sign the claim form or do nothing, you will agree to release The Released Parties, including Defendant and Dental Equities, from any and all claims that arise from the legal claims in this case.

# HOW TO FILE A CLAIM

### 9.  How can I get a payment?

To qualify for a cash payment, you must send in a fully executed claim form prior to the claims deadline: (1) by mail addressed to the claims administrator at [address]; (2) by facsimile

to [insert number]; or (3) through the Settlement Website, www._____.com

**Read the instructions carefully, fill out the form completely and accurately, sign it and submit it prior to the claims deadline.** To be valid, the claim form must be completed fully and accurately and submitted timely. A claim form may be submitted e i t h e r ( 1 ) b y mail addressed to the Claims Administrator at [insert address]; (2) by facsimile to the Claims Administrator at: [number]; or (3) via the Settlement Website. If you are submitting your claim by mail, it must be postmarked by [insert date]. If submitted via the Settlement Website, it must be submitted no later than [DATE]. If you are submitting your claim form to the Claims Administrator via facsimile, it must be submitted no later than [insert date].

## WHEN WILL I RECEIVE MY PAYMENT?

| 10.  When will I receive payment? |
| --- |

The Court will hold a final fairness hearing on [DATE] to decide whether to approve the proposed settlement. If the Court approves the proposed settlement, after that, there may be appeals. It is always uncertain when and how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Everyone who submits a claim form may access information regarding the progress of the settlement through information posted at www._____.com. Please check the website and be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 11.  How do I exclude myself or opt-out of the settlement? |
| --- |

If you want to retain the right to sue or continue to sue The Released Parties, including Defendant and Dental Equities, regarding the Released Claims in the Settlement (as that term is defined in the Settlement Agreement), including the legal claims at issue in this lawsuit, then you must take steps to exclude yourself or opt-out from the Settlement Class.

To exclude yourself from the settlement, you must send a letter by mail to [insert address], or submit a written request to the Settlement Administrator through the Settlement Website or by facsimile that: (a) is signed by you; (b) includes your full name, address, telephone number and your fax number(s); and (c) includes the following statement: "I/we request to be excluded from the class settlement in *Davis Neurology, P.A. v. First Arkansas Bank & Trust, et al.,* Case No. **4:16CV00371 BSM**." No request for exclusion will be considered unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person in the Settlement Class from the Settlement Class. So called "mass" or "class" opt-outs shall not be allowed. **To be valid, you must submit your exclusion request to the claims administrator no later than [DATE].**

| 12.  If I do not exclude myself, can I sue the defendant for the same thing later? |
| --- |

No.  If you do not exclude yourself, you give up any right to sue (or continue to sue) the Released Parties, including Defendant and Dental Equities, for the Released Claims in this settlement.

| 13.  If I exclude myself, can I get money from this settlement? |
| --- |

No.  If you ask to be excluded, you will not be able to submit a claim for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

| 14.  How do I object to the settlement? |
| --- |

If you are in the Settlement Class, you may object to the settlement or any part of the settlement that you think the Court should reject, and the Court may consider your views.

To object, you must state your objection in writing advising the Court that you object to the settlement in *Davis Neurology, P.A. v. First Arkansas Bank & Trust, et al.* In order to be considered by the Court, the written objection must include: (a) the name and case number of this action; (b) your full name, address, telephone number, and e-mail address (if applicable); (c) an explanation of the basis upon which you claim to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to you or your counsel; (e) the identity of any counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) the identity of all counsel representing the objector who will appear at the final approval hearing, if any; (g) a list of all persons who will be called to testify at the final approval hearing in support of the objection; (h) a statement confirming whether you intend to personally appear and/or testify at the final approval hearing; and (i) your signature (an attorney's signature is not sufficient).

**In order to be valid, objections must be both filed with the Court and mailed to the attorneys listed below, no later than [DATE].**

For Plaintiff:

Joe P. Leniski, Jr.
Branstetter, Stranch & Jennings, PLLC
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203

For FIRST ARKANSAS BANK & TRUST:

Lewis S. Wiener
Sutherland Ashbill & Brennan, LLP
700 Sixth Street NW #700
Washington, DC 2001

### 15. What is the difference between filing an objection and excluding myself or opting out?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. You are still entitled to receive payment from the Settlement Fund. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because you are no longer a party to the case and you have no entitlement to receive payment from the Settlement Fund.

## IF YOU DO NOTHING

### 16. What happens if I do nothing and do not file a claim?

If you do nothing and do not file a claim, you will remain a member of the Settlement Class and you will give up your rights to sue the Released Parties, including Defendant and Dental Equities, regarding the Released Claims including claims at issue in this lawsuit. You will not receive any benefits under the settlement.

## THE COURT'S FINAL FAIRNESS HEARING

### 17. When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing at [TIME] on [DATE] at the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION, 500 West Capitol Avenue, Little Rock, Arkansas 72201, in Courtroom _____. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also award payments to Class Counsel and Plaintiff at this time.

### 18. Do I have to come to the hearing?

No. Class Counsel will appear at the final fairness hearing on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

### 19. May I speak at the hearing?

You may ask the Court for permission to speak at the final approval hearing, but only in connection with an objection that you have timely submitted to the Court. To speak at the final approval hearing, you must also file a document stating your "Notice of Intention to Appear in *Davis Neurology, P.A. v. First Arkansas Bank & Trust, et al.*" You must include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be filed no later than [DATE] and be sent to all listed in Question 14, above. If you exclude yourself from the Settlement Class, you give up the right to speak at the hearing.

# GETTING MORE INFORMATION

| 20.  Is this the entire settlement? |
| --- |

No.   This notice is only a summary of the proposed settlement.   More details can be found in the Settlement Agreement which is available on the   Settlement Website, at www._____.com, or by contacting the Claims Administrator at the below address.

| 21.  How do I get more information? |
| --- |

You can write to the Claims Administrator at _____;  or  review   the settlement  agreement  at  www._____.com.  Complete  copies  of  the  other  public pleadings, court rulings, and other filings in this matter are available for review and copying at the Clerk's office. The address is:

500 West Capitol Avenue
Little Rock, Arkansas 72201

Judge Brian Miller for the United States District Court for the Eastern District of Arkansas, Western Division is overseeing the Class Action.

***Please do not contact the Court or Judge Miller***.

DATE: _____.