IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVIS NEUROLOGY, P.A.,                                          PLAINTIFFS
on behalf of itself and all other
entities and persons similarly situated

v.                               CASE NO. 4:16-CV-00371 BSM

DENTAL EQUITIES, LLC d/b/a
PEER UNITED; FIRST ARKANSAS BANK & TRUST;
and JOHN DOES 1-10                                             DEFENDANTS

<u>AMENDED FINAL APPROVAL ORDER</u>

A final approval hearing was held on April 3, 2017, after notice of the hearing was

given in accordance with the previous order [Doc. No. 40] (1) preliminarily approving class

action settlement, (2) conditionally certifying a settlement class, (3) approving notice plan,

and (4) setting a final approval hearing (the "preliminary approval order"). Having

considered all matters submitted to it at the final approval hearing and otherwise, and

finding no just reason for delay in entry of this final order and good cause appearing

therefore, it is hereby ORDERED AND DECREED as follows:

• The settlement agreement dated October 7, 2016, including its exhibits, and

the definition of words and terms contained therein are incorporated by reference and are

used hereafter. The terms and definitions of the preliminary approval order are also

incorporated by reference in this final approval order.

• This court has jurisdiction over the subject matter of the action and over the

parties, including all settlement class members with respect to the settlement class certified

for settlement purposes in the preliminary approval order, as follows:

All persons within the United States, who on or after four years prior to the filing of this lawsuit, were successfully sent a facsimile transmission advertising the commercial availability or quality of any property, goods, or services by or on behalf of defendants related to "Doctors Club" credit cards.

Excluded from the settlement class are First Arkansas Bank and Trust and Dental Equities, and any affiliate, subsidiary or division of First Arkansas Bank and Trust or Dental Equities, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the settlement class.

• The settlement agreement is the product of arm's length settlement negotiations between the parties facilitated by a third-party neutral mediator.

• Notice was disseminated to persons in the settlement class in accordance with the terms of the settlement agreement and the preliminary approval order.

• Notice and claims submission procedures set forth in the settlement agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the settlement class who could be identified through reasonable effort, and support the court's exercise of jurisdiction over the settlement class as contemplated in the settlement agreement and this final approval order.

• With respect to the settlement class, the court finds, for settlement purposes only, that:

> • the settlement class is so numerous that joinder of all members in impracticable;
>
> • there are questions of law or fact common to the settlement class;

- the claims of the class representative, identified above, are typical of the claims of the settlement class;

- the class representative will fairly and adequately protect the interests of the settlement class;

- the questions of law or fact common to the members of the settlement class predominate over the questions affecting only individual members;

- certification of the settlement class is superior to other available methods for the fair and efficient adjudication of the controversy; and

- the defendants opposing the settlement class acted or refused to act on grounds that apply generally to the class, so that injunctive relief is appropriate respecting the class a whole.

- The settlement agreement is approved fully and finally, and its terms constitute a fair, reasonable, and adequate settlement, in all respects, as to all settlement class members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

- Any objections to the settlement agreement are overruled and denied in all respects, and no just reason exists for delay in entering this final approval order and judgment.

- This action is dismissed with prejudice without costs to any party, except as expressly provided for in the settlement agreement.

- On final approval of this settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this final approval order), the plaintiffs and each and every one of the settlement class members unconditionally, fully, and finally release and forever discharge the released parties (as that term was clarified in the preliminary approval order of November 18, 2016, which is

incorporated herein by reference) from the released claims. In addition, any rights of

plaintiffs and each and every one of the settlement class members to the protections afforded

under Section 1542 of the California Civil Code and/or any other similar, comparable, or

equivalent laws will be terminated.

• Plaintiffs, each and every settlement class member, and any person actually

or purportedly acting on behalf of plaintiffs or any settlement class member, are hereby

permanently barred and enjoined from commencing, instituting, continuing, pursuing,

maintaining, prosecuting, or enforcing any released claims (including, without limitation,

in any individual, class or putative class, representative, or other action or proceeding),

directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the

released parties. This permanent bar and injunction is necessary to protect and effectuate

the settlement agreement, this final approval order, and this court's authority to effectuate

the settlement agreement, and is ordered in aid of this court's jurisdiction and to protect its

judgments.

• The settlement agreement (including, without limitation, its exhibits), and

any and all negotiations, documents, and discussions associated with it, including, but not

limited to, confirmatory discovery, shall not be deemed or construed to be an admission or

evidence of any violation of any statute, law, rule, regulation, or principle of common law

or equity, or of any liability or wrongdoing by First Arkansas Bank and Trust, or of the truth

of any of the claims asserted in the action, and evidence relating to the settlement agreement

shall not be discoverable or used, directly or indirectly, in any way, whether in the action or

in any other action or proceeding, except for purposes of enforcing the terms and conditions of the settlement agreement, the preliminary approval order and/or this final approval order.

• If the settlement agreement is terminated for any reason or the effective date does not occur, the settlement agreement and all proceedings in connection with the settlement agreement shall be without prejudice to the right of the released parties, including First Arkansas Bank and Trust or plaintiffs to assert any right or position that could have been asserted if the settlement agreement had never been reached or proposed to the court, except insofar as the settlement agreement expressly provides to the contrary. In such an event, the parties shall return to the *status quo ante* in the action, and the certification of the settlement class shall be deemed vacated and shall be of no further force and effect. The certification of the settlement class for settlement purposes shall not be considered as a factor in connection with any subsequent litigation of class certification in this action or any other action or proceeding. In addition, in such an event, the settlement amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to First Arkansas Bank and Trust with all applicable interest.

• In the event that any provision of the settlement agreement or this final approval order is asserted by the released parties, including First Arkansas Bank and Trust, as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a settlement class member or any person actually or purportedly acting on behalf of any settlement class member(s), that suit, action, or other proceeding shall be immediately stayed and enjoined until this court or the court or tribunal in which the claim is pending

has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the court, or that the court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the settlement agreement, this final approval order and this court's authority to effectuate the settlement agreement and are ordered in aid of this court's jurisdiction and to protect its judgment.

• By incorporating the settlement agreement and its terms herein, this final approval order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

• Class counsel has made their fee application, pursuant to the preliminary approval order, in the amount of 30% of the $1,525,000 Telephone Consumer Protection Act common fund obtained for the benefit of the settlement class, or $457,500, as well as a reimbursement of expenses. Class counsel has moved for a representative plaintiff incentive award of $10,000.00 for the service of the representative plaintiff to the class. Class counsel's application [Doc. No. 49] for $457,500 in attorneys' fees, $5,756.69 for reimbursement of expenses, and $10,000 as an incentive award to the representative plaintiff for its service to the class is granted.

IT IS SO ORDERED this 6th day of April 2017.

UNITED STATES DISTRICT JUDGE